No. 18,211.

Edwin H. Logan, et al. v. People of the
State of Colorado, etc.
(332 P. [2d] 897)

Decided December 8, 1958.

Mr. Eugene H. Tepley, for plaintiffs in error.

Mr. Gordon H. Rowe, Jr., District Attorney, Twelfth Judicial District, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Our resolution of a single, simple question renders unnecessary the determination of other questions raised in this case. That question is: may the trial court in a criminal case impose as one of the conditions of probation that defendant "furnish a bond in the penal sum of One Thousand Five Hundred Dollars (1500.00) conditioned for his appearance in District Court of Alamosa County on the 9th day of March, 1953, and from day to day and from term to term thereafter, and at all other times upon notice from the Court, the District Attorney or the Probation Officer and abide the further Judgment, Order and Sentence of this Court; said bond to be approved by the Sheriff or Probation Officer of Alamosa County"?

The special cachet of this case is that it presents a question which apparently is receiving an answer for the first time by a reviewing court. A research has failed to turn up precedent *currit quatuor pedibus* from any jurisdiction. But we believe that Chapter 39, Art. 16, C.R.S. '53, and the purpose and policy of probation indicate the proper answer which must be given to this single question.

C.R.S. '53, 39-16-1, directs that the district courts of judicial districts create probation offices and provide for their operation. 39-16-2 designates in what cases and under what circumstances the probation officer must make a presentence investigation and report.

It is provided in 39-16-3 that certain persons may apply for probation; and when an application is made by an eligible person, the district court is required "to defer

sentence and cause a probation officer to make an investigation of the background of the applicant including any prior criminal record of the defendant and such information about his characteristics, his financial condition and circumstances affecting his behavior as may be helpful in determining the advisability of granting probation and such other information as may be required by the court, and of the facts of the offense of said applicant. The probation officer within such time as the court may prescribe shall make a written report to the court of said investigation, together with his recommendation as to whether or not probation should be granted."

Provision is made in 39-16-4 for a mental and physical examination of an applicant for probation. All data relating to the applicant is submitted to the court in the form of a written report, upon which the court acts pursuant to 39-16-6:

"When it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence *for such period and upon such terms and conditions in conformity with this article as it may deem best.* Such court, subject to the provisions of this article, may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years." (Emphasis supplied.)

In accordance with 39-16-7 the court may require the defendant to make restitution or reparation to the victim of his transgression, and to pay court costs and expenses of supervision by the probation office. It is the duty of the probation officer, outlined in 39-16-8, to maintain surveillance and supervision of the probationer; "to aid" the probationer "and to bring about improvement in [his] conduct and condition"; and to otherwise act in a manner beneficial to the probationer.

39-16-9 ordains what shall be done where the probationer has violated the conditions of probation. Near the conclusion of the section appear these pertinent sentences: "If the probationer has been taken into custody, such judge, after receiving the report of the probation officer, *may admit such probationer to bail conditioned upon his appearance before the court on a day certain.* Such bail may be continued from time to time until final order of the court."

By 39-16-10 the court is empowered "to promulgate and enforce rules in conformity with this article for the purpose of carrying out its provisions."

■ Since the purpose of probation is educational and reconstructive rather than primarily punitive or oppressive, the program of probation should envisage only such terms and conditions as are clearly and specifically spelled out in the statutes, *Redewill v. Superior Court,* 43 Ariz. 68, 29 P. (2d) 475; *Ex parte McVeity,* 98 Calif. App. 723, 277 Pac. 745; *Howe, Sheriff v. Pyne,* 170 Tenn. 571, 98 S.W. (2d) 93, and such other conditions as fit the probationer by education and rehabilitation to take his place in society. In the educational and regenerative phase of probation is to be found the therapeutic value of this concept of treatment of a convicted person. Certainly the requirement that an appearance bond be posted as a condition of probation has no appreciable effect in educating or rehabilitating an applicant for probation.

■ Whether an applicant should be granted probation involves the exercise of a nice discretion on the part of the trial judge. *Meier v. People,* 133 Colo. 338, 296 P. (2d) 232. In the exercise of this discretion he necessarily considers three facets of the problem confronting him: the community, the offense, and the offender, in that order. If, in the consideration of these three factors, the trial judge concludes that the applicant is a worthy risk for probation, he has the power to grant it.

We live in an ordered society. He who may upset the good order and peace of the community, who may not adjust to society, who reveals an established behavior pattern which furnishes strong evidence that he lacks a sense of moral obligation, who is anti-social, and who is likely to be uncooperative, should not be loosed upon the public. From the standpoint of the community, he would make an unworthy risk.

The crime committed viewed in its setting; the nature and circumstances of the offense, particularly as they furnish a clue to the personality of the offender; whether the offense was violent or non-violent; and the motives actuating the defendant in committing the offense, are components which the trial court will evaluate when considering the offense as a factor in the question of granting probation.

Finally, the offender must be taken into account; "the judge must know what sort of life the defendant has experienced, what his attitudes are, to what extent he is aware of his situation, and what meaning it has for him. When he examines the background of a defendant, as revealed in the probation officer's presentence investigation report, he looks for information corroborating or denying the defendant's will to reform and his ability to adjust himself to community life." "Guides for Sentencing," by Advisory Council of Judges of the National Probation and Parole Association, page 35 (1957).

In our view, the imposition of an appearance bond as a condition of probation can have no bearing whatever on the considerations just discussed. Either the applicant is a worthy risk for probation, or he is not. If he is worthy, his release on probation should not be weighted with terms and conditions having nothing to do with the purpose and policy of probation laws. If he is not a worthy risk, probation should be denied.

Nothing in the statutory law on probation expressly or implicitly clothes the trial court with the discretion-

ary power to require the posting of an appearance bond as a condition of probation; the vesture of the court with the power to require an appearance bond *after* a probationer has been taken into custody for a violation of the terms of his probation would seem to impliedly exclude the power in the court to require an appearance bond as a condition of probation.

Worthy applicants for probation might be rendered ineligible if the trial court could by order or under its rule-making power require an appearance bond to be posted as a condition of probation. Whether a prisoner is worthy of probation should not hinge on his ability to furnish a bond.

Moreover, to permit the court to require a bond as a condition of probation would enlarge the punitive power of the court far beyond that contemplated by the laws of this state. Not only could the trial court then impose sentence or order executed a sentence already imposed on a violating probationer (but suspended during probation), but also could impose additional punishment in the form of a forfeiture of the bond if the violation involved a failure to appear.

Such being the law, the plaintiffs in error, who were sureties on the bond, could assert the invalidity of the condition of probation as well as the defendant in the criminal case.

Because of what has been said, it follows that we must, and do, reverse the judgment.

MR. CHIEF JUSTICE HOLLAND not participating.