The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

William G. GRETZ, Defendant–Appellee.

No. 97CA2261.

Colorado Court of Appeals, Div. II.

Dec. 24, 1998.

Jeanne M. Smith, District Attorney, Debra Hamilton, Deputy District Attorney, David A. Gilbert, Deputy District Attorney, Gordon R. Denison, Deputy District Attorney, Paul A. Sanford, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

The People appeal the trial court's refusal to order a presentence investigation report (PSIR) before imposing sentence upon the defendant after he had entered a guilty plea to a reduced felony charge. We disapprove the trial court's ruling.

Immediately after accepting defendant's guilty plea, the court indicated that it was prepared to proceed to sentencing. The prosecution requested the court to order a PSIR to determine whether defendant was eligible for probation, and asked that the sentencing hearing be postponed until after the report had been completed. The court denied the request and sentenced defendant to probation for two years.

I.

On appeal, the People contend that the trial court erred by proceeding to sentencing without a PSIR over the prosecution's objection. We agree.

As pertinent here, § 16–11–102(1)(a), C.R.S.1998, provides that, following entry of a guilty plea to a felony offense, "the probation officer shall make an investigation and written report to the court before the imposition of sentence." *See also People v. Wright*, 672 P.2d 518 (Colo.1983). However, the sentencing court, "with the concurrence of the

defendant and the prosecuting attorney, may dispense with the presentence examination" and portions of the presentence report. Section 16–11–102(4), C.R.S.1998.

The plain language of the statute thus requires the preparation of a PSIR before sentencing, unless both the defendant and the prosecution agree to proceed to sentencing without the benefit of such a report. *See also People v. Valencia,* 906 P.2d 115 (Colo. 1995).

Here, the prosecution specifically requested that a PSIR be prepared, and objected to the court's proceeding to sentencing without one. The prosecution thus did not waive the statutory requirement that such a report be prepared before the imposition of sentence. Accordingly, the court erred by proceeding to sentencing without a PSIR.

■ That error would, in general, bring into question the validity of the sentence. However, because of the parties' agreement that resentencing is not necessary here, we need not vacate the sentence imposed.

II.

 We reject defendant's contention that this appeal does not involve a question of law under § 16–12–102, C.R.S.1998. A denial of the prosecution's request for a PSIR when such a report is mandated by statute clearly presents a question of law appealable under the statute.

The trial court's ruling is disapproved.

Judge CRISWELL and Judge VOGT, concur.