The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Irva Justine LENZINI, a/k/a Irva
Jewell, Defendant–Appellant.

No. 98CA0435.

Colorado Court of Appeals,
Div. I.

July 8, 1999.

Rehearing Denied Aug. 26, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Dawn M. Weber, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Irva Justine Lenzini, appeals the sentences imposed pursuant to her guilty pleas. We vacate the sentences and remand the cause for further proceedings.

For at least one year, defendant and her husband engaged in sexual activity both with their 12–year–old daughter and with each other in her presence. Defendant and her husband photographed and videotaped certain of the acts involving their daughter and advertised them for sale over the Internet.

To encourage her participation, defendant and her husband gave their daughter alcoholic drinks and presented the sexual activity as a means of instructing her how to enjoy sex and as a method of earning income to "put her through college." The sexual activity caused the daughter significant and lasting emotional, mental, and physical distress.

As a result of these incidents, defendant was charged with two counts of sexual exploitation of children and one count each of sexual assault on a child-pattern of abuse, sexual assault on a child by one in a position of trust, and sexual assault on a child.

Pursuant to a plea agreement, defendant entered a plea of guilty to one count each of sexual exploitation of children and of sexual assault on a child-pattern of abuse. In exchange, the remaining counts were dismissed on motion of the prosecutor.

Since it is both an extraordinary risk of harm crime and a crime of violence, the class three felony of sexual assault on a child-pattern of abuse has a presumptive sentencing range of ten to 32 years. See §§ 16–11–309, 18–1–105(1)(a)(v)(A), 18–1–105(9.7), 18–3–405(2)(d), and 18–3–405(3), C.R.S.1998. The presumptive sentencing range for sexual exploitation of a child is four to 12 years with an aggravated range of up to 24 years. See §§ 18–1–105(1)(a)(V)(A), 18–1–105(6), and 18–6–403, C.R.S.1998. Here, by agreement of the parties and the trial court, the cap on the maximum sentence defendant could receive for each of these offenses was 24 years.

Before sentencing, defendant filed a motion requesting the court to order a sex-offender-specific evaluation to be included in her presentence report. Concluding that such evaluations were required only when a defendant could be considered for probation, the trial court denied the motion. Since defendant here was destined to be sentenced to a mandatory minimum sentence of at least ten years, the court reasoned that no evaluation was necessary.

The trial court thereafter sentenced defendant to 20 years for each offense, with the sentences to run concurrently. This appeal followed.

■ Defendant concedes she was not eligible for probation. However, she contends that, even if she was not eligible for probation, she was entitled to a sex-offender-specific evaluation pursuant to the provisions of §§ 16–11–102(1)(b), 16–11.7–104, and 16–11.7–105, C.R.S.1998. Therefore, she argues, the trial court erred in denying her request for such an evaluation.

The People contend the provisions of § 16–11.7–104 limit the mandatory language of § 16–11–102(1)(b). Therefore, they argue, only defendants who are eligible for probation are entitled to a mandatory sex-offender-specific evaluation.

We agree with defendant.

■ When a defendant has been found guilty of or entered a plea of guilty or nolo contendere to an offense, the probation department is required to prepare a presentence report for the court before sentencing. Section 16–11–102(1)(a), C.R.S.1998; see also People v. Gretz, 973 P.2d 110 (Colo.App. 1998).

"Any presentence report prepared regarding any sex offender, as defined in section 16–11.7–102(2), with respect to any offense committed on or after January 1, 1996, shall contain the results of an evaluation and identification conducted pursuant to article 11.7" of title 16. Section 16–11–102(1)(b).

Article 11.7 of title 16 is entitled "Standardized Treatment Program for Sex Offenders." The legislative declaration to that article provides:

> The general assembly hereby declares that the comprehensive evaluation, identification, treatment, and continued monitoring of sex offenders who are subject to the supervision of the criminal justice system is necessary in order to work toward the elimination of recidivism by such offenders. Therefore, the general assembly hereby creates a program which standardizes the evaluation, identification, treatment, and continued monitoring of sex offenders at each stage of the criminal justice system so that such offenders will curtail recidivistic behavior and the protection of victims and potential victims will be enhanced....

Section 16–11.7–101, C.R.S.1998.

To accomplish these purposes, a sex offender management board (Board) was created. Its duties included the development and implementation of a standardized procedure to identify and evaluate sex offenders and to recommend behavior management, monitoring, and treatment for them. Section 16–11.7–103(1), C.R.S.1998.

To do this, the Board was required to develop and implement guidelines and standards for a system of sex offender treatment programs which could be used at any stage of the criminal justice system, i.e., probation, incarceration, parole, or community corrections. The Board was directed to structure the programs to provide not only a continuing monitoring process, but also a "continuum of treatment programs for each offender as that offender proceeds through the criminal justice system...." Sections 16–11.7–103(4)(a) and (b), C.R.S.1998.

The sections that concern sex-offender-specific evaluations are found at §§ 16–11.7–104 and 16–11.7–105.

Section 16–11.7–104(1), C.R.S.1998, provides, in relevant part:

> On or after January 1, 1994, each sex offender who is to be considered for probation shall be required, as a part of the presentence or probation investigation required pursuant to section 16–11–102, to submit to an evaluation for treatment, an evaluation for risk, procedures required for monitoring of behavior to protect victims and potential victims, and an identification developed pursuant to section 16–11.7–103(4)(a).

Section 16–11.7–105(1), C.R.S.1998, provides, in relevant part:

> Each sex offender sentenced by the court for an offense committed on or after January 1, 1994, shall be required, as a part of any sentence to probation, community corrections, or incarceration with the department of corrections, to undergo treatment to the extent appropriate to such offender based upon the recommendations of the evaluation and identification made pursuant to section 16–11.7–104, or based upon any subsequent recommendations by the department of corrections, the judicial department, the department of human services, or the division of criminal justice of the department of public safety, whichever is appropriate....

■ A statute should be construed in a manner that gives effect to the legislative purpose underlying its enactment. Statutes governing the same subject must be reconciled, giving due consideration to the statutory scheme as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ Furthermore, in construing a statute, we should consider the results of the construction urged. *See People in Interest of K.M.J.,* 698 P.2d 1380 (Colo.App.1984).

By its terms, § 16–11.7–105(1) essentially requires *every* sex offender sentenced for an offense committed on or after January 1, 1994, to participate in a sex-offender-specific evaluation made pursuant to § 16–11.7–104(1). Thus, while § 16–11.7–104(1) specifically applies to sex-offender-specific evalua-

tions for defendants who are to be considered for probation, it also sets the scope for the information required for sex-offender-specific evaluations for defendants who come within the criteria of § 16–11.7–105(1). When §§ 16–11–102(1)(b) and 16–11.7–105 are read together, then, they require the court to order a sex-offender-specific evaluation to be conducted as part of the presentence report for sex offenders and to consider that evaluation in sentencing.

 This construction is consistent with the legislative intent of article 11.7 and the plain language of the statutory provisions. Article 11.7 was enacted to provide the state with a program of standardized procedures to deal with *all* sex offenders, as they are defined by § 16–11.7–102, C.R.S.1998. This construction complies with this intent by requiring, at the earliest stage, standardized procedures for evaluating the treatment and monitoring needs of all sex offenders and by requiring the inclusion and consideration of sex-offender-specific evaluations in the presentence reports of all sex offenders. *Cf. People v. Fleming,* —— P.2d —— (Colo.App. 97CA2148, July 8, 1999).

To adopt the People's construction would allow only defendants who are eligible for probation to have a sex offender-specific evaluation considered by the trial court at the time of sentencing. This would contravene the purpose of article 11.7 to standardize procedures for all sex offenders.

Further, our interpretation is consistent with the plain language of §§ 16–11–101(1)(b) and 16–11.7–105, both of which contain the mandatory language "shall" when referring to the necessity of evaluating sex offenders and including this evaluation in the presentence report for each offender for consideration by the court in sentencing. *See People v. Guenther,* 740 P.2d 971 (Colo.1987) (the word "shall," when used in a statute, involves a mandatory connotation and hence is the antithesis of discretion or choice).

We therefore conclude the trial court erred in denying defendant's motion pursuant to §§ 16–11–102(1)(b) and 16–11.7–105 to have a sex-offender-specific evaluation included in her presentence report for the court's consideration for sentencing purposes.

Since defendant's sentences were based upon insufficient information in the record as a matter of law, they must be vacated and the cause must be remanded to the trial court to order a sex-offender-specific evaluation and to resentence defendant.

Given this disposition, we need not address defendant's further contention that the trial court abused its discretion in sentencing her to two 20–year terms.

Defendant's sentences are vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judge CRISWELL and Judge DAVIDSON concur.