The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dehonna Christine MEIDINGER,
Defendant–Appellant.

No. 98CA0923.

Colorado Court of Appeals,
Div. I.

Aug. 19, 1999.

Rehearing Denied Sept. 16, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Seawell, Gilbertson & Graf, LLC, Malcolm B. Seawell, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Dehonna Christine Meidinger, appeals the conditions of the sentence to probation she received after her entry of a guilty plea to one count of contributing to the delinquency of a minor. She also appeals the imposition of a sex offender surcharge. We vacate the sentence and remand the cause for further proceedings.

Defendant operated a prostitution enterprise. The charges filed in this case resulted from two incidents in which defendant had arranged for her 16–year–old sister to engage in acts of prostitution. Defendant was charged with two counts each of patron-

izing a prostituted child, pimping, soliciting for child prostitution, pandering of a child, procurement of a child, inducement of child prostitution, and one count each of contributing to the delinquency of a minor, prostitution, and soliciting for prostitution. An additional count of contributing to the delinquency of a minor was later added to the information.

Pursuant to a plea agreement, defendant pled guilty to one count of contributing to the delinquency of a minor. The remaining charges were dismissed.

Thereafter, the trial court sentenced defendant to two years probation, with the additional conditions that she submit to a mental health evaluation, maintain gainful employment, comply with all sex offender conditions, and register as a sex offender. The court also imposed a sex offender surcharge and ordered that defendant have no contact with children under the age of 18. This appeal followed.

## I.

Defendant first contends the trial court erred in determining that she was a sex offender. Specifically, she argues, because the offense to which she pled guilty, contributing to the delinquency of a minor, is not an enumerated sex offense, she is not a "sex offender" and should not have been required to register as such. We agree with the premise of her argument but reject the conclusion.

Section 16–11.7–102(3), C.R.S.1998, defines various offenses as being sex offenses. Since contributing to the delinquency of a minor is not so defined, it is not a sex offense. Nevertheless, we hold that defendant is a sex offender.

Section 16–11.7–102(2), C.R.S.1998, provides:

'Sex offender' means any person who is convicted in the state of Colorado ... of any sex offense as defined in subsection (3) of this section, or of any criminal offense, if such person has previously been convicted of a sex offense ... in the state of Colorado, or if such person has previously been convicted in any other jurisdiction of any

offense which would constitute a sex offense ... or *if such person has a history of any sex offenses as defined in subsection (3) of this section* .... ' (emphasis added)

▬▬ The General Assembly did not define the term "history" as used in § 16–11.7–102(2); hence, we must ascertain its meaning. In doing so, we must construe the statute in a manner that is consistent with the legislature's intent. *People v. Davis*, 794 P.2d 159 (Colo.1990). Also, if statutory language is ambiguous, we may consider the legislative history. *People v. Legler*, 969 P.2d 691 (Colo.1998).

The term "history" is ambiguous. It could refer, as defendant argues, to convictions for one or more of the enumerated sex offenses. We reject this restrictive interpretation since it would render superfluous the first portion of § 16–11.7–102(2), which defines a sex offender as one who was convicted of an enumerated sex offense.

Instead, we agree with the People's assertion that "history" can include the underlying circumstances of the offense.

The legislative history of the statute supports this interpretation. Before enacting § 16–11.7–101, et seq., C.R.S.1998, which establishes a system for standardized evaluation and treatment programs for sex offenders, extensive hearings were held. In addressing the definitional provisions of the proposal, William Woodward, then Director of the Division of Criminal Justice, explained:

[T]hat is why there [is] such a broad definition of sex offender, that is, a person currently charged with a sex offense *or* a person currently charged with a trespass, but when you read the arrest report it is clear the person attempted a sexual assault on someone in the house but didn't get charged with that *or* it is someone who has a history of sex offending in the past and this time was picked up on burglary or robbery.

Hearings on H.B. 1021 before the House Judiciary Committee, 58th General Assembly, Second Session (January 14, 1992).

This use of the term "history" has been employed in other, similar contexts. For example, in *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975) and *People v. Madril*, 746 P.2d 1329 (Colo.1987), the supreme court approved the trial court's consideration of the defendant's societal and criminal history in sentencing. And, in *Logan v. People ex rel. Alamosa County*, 138 Colo. 304, 308, 332 P.2d 897, 899 (1958), the court said:

> The crime committed viewed in its setting; the nature and circumstances of the offense, particularly as they furnish a clue to the personality of the offender; whether the offense was violent or nonviolent; and the motives actuating the defendant in committing the offense, are components which the trial court will evaluate when considering the offense as a factor in the question of granting probation.

Thus, the reference to "history" in § 16–11.7–102(2) is consistent with previous interpretations of that term.

Consequently, it is clear to us that the General Assembly intended "history of sex offenses" to include conduct encompassed in the facts and circumstances of the offense.

Here, we conclude that the defendant had engaged in: (1) soliciting for child prostitution; (2) pandering of a child; (3) procurement of a child for sexual exploitation; and (4) inducement of child prostitution. These offenses are all enumerated sex offenses under § 16–11.7–102(3). Therefore, since defendant had a history of enumerated sex offenses, she could properly be characterized under § 16–11.7–102(2) as a "sex offender" and, thus, could be ordered by the court to undergo evaluation and treatment as such. *See also Miyasato v. State*, 892 P.2d 200 (Alaska Ct.App.1995)(burglary defendant with past record of sex offenses properly required to undergo sex offender treatment as condition of probation); *State v. Shepherd*, 554 N.W.2d 821 (N.D.1996)(burglary defendant required to undergo sex offender treatment where that condition was reasonably related to the underlying circumstances of crime).

Section 18–3–412.5(1)(b), C.R.S.1998, requires registration as a sex offender by any person who was convicted in Colorado after July 1, 1994, of an offense "for which the factual basis involved an offense involving unlawful sexual behavior...." Section 18–3–412.5(1)(b)(XXIII), C.R.S.1998, provides that unlawful sexual behavior includes: "Any offense that has a factual basis of one of the offenses specified in" the list of crimes constituting unlawful sexual behavior. The underlying offenses here are included in that list.

Thus, we reject defendant's contention that imposition of sex offender conditions as part of her probation and requiring her to register as a sex offender are not authorized by statute.

## II.

Defendant also argues the trial court erred in imposing sex offender conditions as part of her probation without ordering a sex offender evaluation as required by § 16–11.7–104, C.R.S.1998. We agree.

As explained in *People v. Lenzini*, 986 P.2d 980 (Colo.App.1999), completion of such an evaluation under circumstances such as these is mandatory. Thus, defendant's sentence must be vacated and the cause must be remanded for preparation of such a report and for a new sentencing hearing.

## III.

Because it may arise on rehearing, we address defendant's contention that, since she was not convicted of a "sex offense" within the meaning of § 18–21–102(2), C.R.S. 1998, the trial court erred in imposing a sex offender surcharge. We agree.

Section 18–21–103(1), C.R.S.1998, provides that "each person who is *convicted of a sex offense* ... shall be required to pay a surcharge ...." (emphasis added) Section 18–21–102(2), defines "sex offense" as having "the same meaning as defined in section 16–11.7–102(3), C.R.S."

A statute must be read and considered as a whole and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *See People v. District Court*, 713 P.2d 918 (Colo.1986).

Applying this principle here, we find no authority for the imposition of the sex offender surcharge on defendant. Section 18–21–103, C.R.S.1998, specifically authorizes imposition of the surcharge only on persons convicted of "sex offenses" as defined in § 16–11.7–102(3), not on persons who are "sex offenders" as defined in § 16–11.7–102(2).

Defendant is a "sex offender" because she had a "history" of sex offenses; however, she pled guilty to a crime which is not defined as a "sex offense." Therefore, the sex offender surcharge may not be imposed.

Because defendant's remaining contentions of error are either moot or unlikely to arise on rehearing, we will not address them.

The sentence is vacated, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge DAVIDSON concurs.

Judge CRISWELL concurs in part and dissents in part.

Judge CRISWELL concurring in part and dissenting in part.

The trial court here required defendant to register with local law enforcement agencies, to undergo a sex offender treatment plan, and to pay a sex offender surcharge. Each of these requirements is governed by a separate statutory provision, and those provisions are not uniform in their application to offenders. Consistent with the explicit terms of each of these statutes, I conclude that, while the court properly required defendant to register with local law enforcement authorities, as required by § 18–3–412.5, C.R.S.1998, it improperly required her to undergo the treatment prescribed by § 16–11.7–101, et seq., C.R.S.1998, or to pay a sex offender surcharge under § 18–21–103, C.R.S.1998. Hence, I concur with the majority in reversing the surcharge requirement. I disagree with the majority, however, that defendant was properly ordered to undergo evaluation or treatment as a sex offender.

### 1. The Registration Requirement

Section 18–3–412.5 requires persons who are convicted of "unlawful sexual behavior" to register with local law enforcement agencies; the substantive terms of this statute make no reference to a "sex offender." Section 18–3–412.5(1)(b)(I) through (XXIII), C.R.S.1998, adopts its own definition of unlawful sexual behavior for this purpose. Under this definition, a conviction of any one or more of some 20 specified offenses, or of any attempt, conspiracy, or solicitation to commit any of those offenses, constitutes unlawful sexual behavior. Among the convictions itemized are those for sexual exploitation of children, soliciting for child prostitution, and pandering of a child.

In addition, however, § 18–3–412.5(1)(b)(XXIII), C.R.S.1998, is specific in also classifying as unlawful sexual behavior:

*Any offense* that has a *factual basis* of one of the offenses specified in [the earlier portions of § 18–3–412.5(1)(b) ]. (emphasis supplied)

In addition, § 18–3–412.5(1)(b), C.R.S.1998, is also specific in requiring the registration of any person convicted in Colorado on or after July 1, 1994:

of *an* offense involving unlawful sexual behavior *or* for which the *factual basis* involved unlawful sexual behavior. . . . (emphasis supplied)

Under the specific terms of this statute, therefore, if the factual basis for the conviction of *any* offense involves circumstances that would constitute a violation of one or more of the statutes referred to in § 18–3–412.5(1)(b)(I) through (XX), the conviction will be considered one for "unlawful sexual behavior," irrespective whether the actual conviction is for violation of one of the referenced statutes or some other offense.

Here, defendant was not convicted of any of the specific statutes referred to in § 18–3–412.5(1)(b). However, it is undisputed that the factual basis for the offense to which she pleaded guilty involved a violation of one or more of those statutes. Hence, under the specific terms of this statute, defendant's conviction was for unlawful sexual behavior, and she was required to register according to its terms.

## 2. The Treatment Requirement

Sections 16–11.7–101, et seq., C.R.S.1998, is the statute that adopts a comprehensive program for the evaluation and treatment of all "sex offenders." It was originally adopted in 1992, *see* Colo. Sess. Laws 1992, ch. 86 at 455, et seq., and has not been amended in any manner material to this dispute since that time.

This statute contains an explicit definition of "sex offense," § 16–11.7–102(3)(a) through (f), C.R.S.1998, that refers to the same 20 statutes to which § 18–3–412.5(b)(I) through (XX) of the registration statute refers. However, unlike the registration statute, this treatment statute does *not* make an offense not enumerated in its definition a "sex offense" merely because the factual predicate for that offense may demonstrate the violation of one of those statutes. Under this treatment statute, a sex offense is *only* an offense described in one or more of the 20 specific statutes referred to in its definition of that term.

Likewise, this statute's definition of "sex offender" differs substantially from the registration statute's description of the persons to whom that statute applies. Under § 16–11.7–102(2), C.R.S.1998, a sex offender is either:

— a person convicted after July 1, 1994, of one of the specific offenses described; or

— a person convicted of "*any* criminal offense, if such person has previously been convicted of a sex offense" as described in § 16–11.7–102(3), or "if such person has a *history* of any *sex offenses* as defined in [§ 16–11.7–102(3) ]." (emphasis supplied)

The majority and I agree that defendant has never been convicted of a "sex offense" under this statute. Nor does she have a "history" of any such offenses, as those terms are generally understood and defined in this treatment statute. The majority says, however, that the term "history" is ambiguous because the phrase, "history of sex offenses," could refer either to "convictions for one or more enumerated sex offenses" or as including "the underlying circumstances of the [present] offense." I disagree.

The majority and I apparently agree that a statute must be interpreted in accordance with the common and ordinary meanings placed upon the words used by it. *See People v. Valencia*, 906 P.2d 115 (Colo.1995). Indeed, the General Assembly itself has commanded that statutory "[w]ords and phrases shall be read in context and construed according to . . . common usage." Section 2–4–101, C.R.S.1998.

Further, a criminal defendant's "history" has acquired a common meaning and is used to distinguish between the events underlying the present offense and events occurring in the defendant's past before commission of the offense giving rise to his or her present conviction. *See* ABA *Criminal Sentencing Standards*, Standard 18–3.13(d)(3d ed.1994) (restrictions on probation must bear "reasonable relationship to the individual's current offense *and* criminal history" (emphasis supplied)); *People v. Leske*, 957 P.2d 1030 (Colo. 1998) (referring to circumstances surrounding offense and defendant's criminal history in the disjunctive); *St. James v. People*, 948 P.2d 1028 (1997) (same); *People v. Brockelman*, 933 P.2d 1315 (1997) (same).

I cannot agree, therefore, that the term "history" is in any manner ambiguous. Hence, any reference to legislative history to aid in the construction of this term is both unnecessary and inappropriate. *See Anderson v. Watson*, 953 P.2d 1284 (Colo. 1998); *In re Marriage of Pickering*, 967 P.2d 164 (Colo.App.1997).

I do note, in passing, that the term "offenses" as used here may be ambiguous because it may refer to a history of prior *convictions* or merely to a history of prior *violations* from which no convictions resulted. Here, however, any such ambiguity is irrelevant because defendant has a history of neither.

I am fortified in my conclusion upon this subject by the specific provisions of the registration statute reviewed above. That statute was adopted before the treatment statute, *see* Colo. Sess. Laws 1991, ch. 69 at 393, et seq., but it has been amended to adopt the present definition of "unlawful sexual behavior" only recently. *See* Colo. Sess Laws

1998, ch. 139 at 389, et seq. The registration statute clearly addresses the issue presented here by the use of precise language, and that language demonstrates that the General Assembly knows how to make a statute applicable to the circumstances here if it chooses to do so.

In contrast, no similar language can be found in the treatment statute. And, while I might wish that the General Assembly had defined "sex offenders" under the treatment statute to include the same persons who are required to register under the registration statute, I am unable to conclude, as does the majority, that the *absence* of language in the treatment statute evidences an intent to *include* the language to be found in the registration statute.

### 3. *The Surcharge Statute*

Section 18–21–103, C.R.S.1998, levies a surcharge upon a person convicted of a "sex offense," which bears the same meaning for this purpose as is to be found in the treatment statute, § 16–11.7–102(3).

The majority concludes that, while defendant is a "sex offender" under § 16–11.7–102(2), she did not commit a "sex offense" under § 16–11.7–102(3). Hence, the majority holds that the trial court erred in imposing the sex offender surcharge upon her.

Although I do not employ the majority's analysis, I agree that defendant did not commit a sex offense under § 16–11.7–102(3). Hence, I also agree with the majority that the imposition of a surcharge upon her was improper.

In summary, then, while I conclude that § 18–3–412.5 requires defendant to register, I also conclude that neither the treatment statute, § 16–11.7–102(3), nor the surcharge statute, § 18–21–103, applies to defendant, and I therefore dissent from the majority's contrary conclusion.