**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Gary Leigh DUNCAN, Defendant–**
**Appellant.**

**No. 03CA0586.**

Colorado Court of Appeals,
Div. III.

Dec. 30, 2004.

Rehearing Denied Feb. 10, 2005.

Ken Salazar, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ned Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

TAUBMAN, J.

Defendant, Gary Leigh Duncan, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of failure to register as a sex offender. Specifically, defendant challenges the trial court's denial of his motion for judgment of acquittal. We reverse and remand.

### I. Background

In 1990, defendant was convicted of first degree sexual assault and sentenced to thirteen years in the Department of Corrections. Defendant was subsequently released, and on September 21, 2001, he met with a crime lab technician from the Lakewood Police Department who informed him of the sex offender registration requirements. Defendant was properly registered that day and was informed, as relevant here, that he must register on his birthday or within one business day thereafter.

Defendant was charged with two counts of failure to register as a sex offender. He moved for judgment of acquittal. The trial court denied his motion, and defendant was convicted of one count for failing to register as a sex offender. This appeal followed.

### II. Sufficiency of the Evidence

Defendant contends that the prosecution did not present sufficient evidence to sustain his conviction because it did not prove that he failed to register either on his birthday or within one business day of his birthday. We agree.

Although defendant alleged in his motion for judgment of acquittal that the prosecution failed to present sufficient evidence to support his conviction, his argument was based upon different grounds from those asserted on appeal. However, because a sufficiency of the evidence claim may be raised for the first time on appeal, we consider the merits of his argument. *See People v. Saleh,* 25 P.3d 1248 (Colo.App.2000), *rev'd on other grounds,* 45 P.3d 1272 (Colo.2002); *see also People v. Harris,* 633 P.2d 1095 (Colo.App. 1981).

The Due Process Clauses of the United States and Colorado Constitutions require proof of guilt beyond a reasonable doubt on each of the essential elements of a crime. *People v. Noland,* 739 P.2d 906 (Colo.App. 1987).

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable fact finder that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Baca,* — P.3d —, 2004 WL 2278284 (Colo.App. No. 02CA2036, Oct. 7, 2004). In making this determination, the court must give the prosecution the bene-

fit of every reasonable inference that might fairly be drawn from the evidence, and the resolution of inconsistent testimony and determination of the credibility of the witnesses are solely within the province of the jury. *People v. Martinez,* 36 P.3d 154 (Colo.App. 2001). However, "verdicts in criminal cases may not be based on guessing, speculation, or conjecture." *People v. Stark,* 691 P.2d 334, 339 (Colo.1984).

It is undisputed that defendant did not register on his birthday. Thus, the dispositive questions are whether, consistent with the applicable statute, defendant was permitted to register on the first business day following his birthday, and, if so, whether there was sufficient evidence to establish that he did not register on that day.

## A. Statutory Interpretation

Defendant contends that, at the time he was charged, the statute then in effect defining a sex offender's duty to register allowed a sex offender to register on his or her birthday or within one business day thereafter. Although the jury was so instructed, the prosecution contends that the statute only allowed a sex offender to register on the first business day after his or her birthday if his or her birthday fell on a Saturday, Sunday, or holiday. We agree with defendant.

[6–9] Statutory interpretation is a question of law that we review de novo. *Hendricks v. People,* 10 P.3d 1231 (Colo.2000). In construing a statute, we must ascertain and give effect to the intent of the General Assembly. *In re Marriage of Emerson,* 77 P.3d 923 (Colo.App.2003). To determine that intent, we look first to the plain and ordinary meaning of the statutory language. If the language is unambiguous, we must apply the statute as written. *In re Interest of L.F.,* 56 P.3d 1249 (Colo.App.2002).

The statute under which defendant was charged, which has since been repealed and reenacted, stated: "On and after July 1, 1994, ... any person who is released from the custody of the department of corrections having completed serving a sentence for an offense involving unlawful sexual behavior ... shall be required to register in the manner prescribed in subsection (3) of this section." Colo. Sess. Laws 2000, ch. 216, § 18–3–412.5(1)(b) at 915.

Colo. Sess. Laws 2000, ch. 216, § 18–3–412.5(3)(a)(I) at 916, provided:

> Each person who is required to register pursuant to subsection (1) of this section, within five business days of becoming a temporary or permanent resident ... and annually thereafter on the person's birth date or the first business day after the person's birth date ... shall register during business hours with the local law enforcement agency ....

Colo. Sess. Laws 1999, ch. 215, § 18–3–412.5(4)(a) at 799, provided in part: "Any person who is required to register pursuant to subsection (1) or (3.5) of this section and who commits any of the acts specified in this paragraph (a) commits the offense of failure to register as a sex offender."

Thus, the registration requirements in former § 18–3–412.5(3)(a)(I) clearly stated that a sex offender was permitted to register "on the person's birth date or the first business day after the person's birth date." Accordingly, the plain meaning of the statute allowed a sex offender subject to this statute to be properly registered if he or she registered either on his or her birthday or on the first business day following his or her birthday. *See Edge v. Dep't of Revenue,* 53 P.3d 652 (Colo.App.2001)(words and phrases must be given their plain and ordinary meaning unless it would lead to absurd result).

The People argue that defendant could register on the first business day after his birthday only if his birthday fell on a non-business day. To support their argument, they rely on the current version of the statute, which provides, "If a person's birthday falls on a Saturday, Sunday, or holiday, the person shall reregister on the first business day following his or her birthday." Section 16–22–108(1)(b), C.R.S.2004. However, we may not infer the intent of the General Assembly by review of a subsequent amendment to the statute. *See State v. Nieto,* 993 P.2d 493, 504 n. 6 (Colo.2000)("We cannot infer the intent of an earlier legislature from the views of a subsequent one.").

Further, we recognize that when the General Assembly amends a statute, an intent to change the law is presumed. *See Grynberg v. Colorado Oil & Gas Conservation Comm'n,* 7 P.3d 1060 (Colo.App.1999). While that presumption may be rebutted by a showing that the General Assembly intended to clarify an ambiguity, no such showing has been made here. Indeed, the plain language of the amended statute clearly sets forth a change in the law: a person required to register as a sex offender must do so on his or her birthday, or the next business day, thereafter, if the birthday falls on a Saturday, Sunday, or holiday. Thus, under the amended statute, an offender has only one day on which to register, whereas under the former statute, either of two days was an option.

Accordingly, we conclude that a sex offender is properly registered according to the plain and ordinary meaning of the former § 18–3–412.5(3)(a)(I) if he or she registered either on his or her birthday or within one business day thereafter.

### B. Evidence of Defendant's Failure to Register

As noted, it is undisputed that defendant did not register on November 2, his birthday. However, after a thorough review of the record, we conclude there is no evidence that defendant did not register on November 5, the first business day following his birthday.

The crime lab technician testified that she explained the registration process to defendant and that she expected defendant to come back to her office to reregister on his birthday, November 2. The prosecution then asked the crime lab technician whether "this defendant ever [came] back to register on November 2, 2001, as required by that?" The crime lab technician responded, "No, sir." No further questioning ensued about this subject. We conclude that a reasonable fact finder could not infer from this evidence that defendant did not register on the first business day following his birthday, November 5.

Although the prosecution stated in closing that defendant failed to register on his birthday or within one business day after his birthday, closing arguments are not evidence, and the prosecutor's statement that defendant did not register on the first business day after his birthday was not supported by the evidence presented. *See People v. Gorman,* 983 P.2d 92 (Colo.App.1998), *aff'd,* 19 P.3d 662 (Colo.2000).

Because there is insufficient evidence that the prosecution proved every element of the offense charged, defendant's conviction must be reversed. Accordingly, we need not address defendant's remaining arguments.

The judgment is reversed, and the case is remanded to the trial court with directions to enter a judgment of not guilty.

Judge VOGT and Justice KIRSHBAUM * concur.