The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeremie Paul BOLING, Defendant–Appellant.

No. 09CA1043.

Colorado Court of Appeals, Div. I.

April 28, 2011.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

John W. Suthers, Attorney General, Alice Q. Hosley, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Garcia Law, L.L.C., J. Alberto Garcia, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Jeremie Paul Boling, appeals the trial court's orders denying the motion to withdraw his guilty plea and classifying him as a sex offender. We affirm.

## I. Background

Defendant entered into a plea agreement that resulted in the disposition of several cases. He pleaded guilty to theft, a class four felony, in Case No. 08CR604, and menacing, a class five felony, in Case No. 08CR2593, in exchange for dismissal of all other charges in those and two other cases, and a stipulation for concurrent sentences to probation with conditions including a jail term of sixty days.

Before sentencing, defendant moved to withdraw his guilty pleas. The trial court denied the motion and proceeded to sentencing. Over defendant's objection, the trial court determined that defendant was a sex offender, ordered a sex offender evaluation, and ordered sex offender treatment and supervision as a condition of probation. This appeal followed.

## II. Motion to Withdraw Guilty Pleas

Defendant contends the trial court erred in denying the motion to withdraw his guilty pleas. We disagree.

### A. Standard of Review

A motion to withdraw a guilty plea may be made only before sentence is imposed or imposition of sentence is suspended. Crim. P. 32(d). Such a motion is committed to the sound discretion of the trial court and we will not overturn its ruling absent an abuse of that discretion. *People v. Chippewa*, 751 P.2d 607, 609 (Colo.1988).

### B. Withdrawal of Plea

A defendant does not have an absolute right to withdraw a guilty plea, but "a plea can be withdrawn if the defendant makes a showing that denial of the request will subvert justice." *Id.* at 612. A court may allow the withdrawal of a guilty plea where the defendant has shown a fair and just reason for the withdrawal, such as

> where a defendant may have been surprised or influenced into a plea of guilty when he had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; or where it was made involuntarily for some reason.

*Maes v. People*, 155 Colo. 570, 575, 396 P.2d 457, 459 (1964). It is the defendant's burden to establish a fair and just reason for withdrawal of a plea. *Chippewa*, 751 P.2d at 609.

## C. Application

Here, before sentencing, defendant moved to withdraw his guilty plea, asserting that he had received ineffective assistance of counsel. The trial court appointed alternate defense counsel to pursue defendant's claims, after which counsel informed the court there was no legal basis for withdrawal. At the sentencing hearing, defendant reasserted his request to withdraw his plea. Defendant stated, "I can't see myself pleading guilty to a charge that I am not guilty of," and said he had found papers regarding medication that his wife, the menacing victim, was taking at the time of the offense. Defense counsel advised the court she did not think that such information or documentation "affects [defendant's] ability to ... withdraw the plea." After the trial court noted that alternate defense counsel had found there was "no sufficient legal basis" for defendant to withdraw his guilty plea, defendant added,

> The Court-appointed attorney was telling me I had to plead guilty to my charges in order—to get sentenced before I can—take my charges, or you know like—take my charges back that I pled guilty to.
>
> I was like I don't see how that can be. That is what I had to do. I think that is improper counsel also.

The court found there was no reason sufficient to allow defendant to withdraw his guilty plea and denied the motion.

Here, none of defendant's asserted reasons for seeking to withdraw his plea demonstrates a fair and just reason that would allow him to do so. See Chippewa, 751 P.2d at 609; Maes, 155 Colo. at 575, 396 P.2d at 459. To the extent defendant claims his plea was entered upon the improper advice of counsel, that assertion is belied by the plea documents and transcript of the providency hearing in which he expressed complete satisfaction with counsel's representation. Similarly, defendant's contention that he "steadfastly maintained his innocence" to the trial court is contradicted by his statements to the court at the providency hearing in which he recited and acknowledged a factual basis for his plea.

We conclude that the trial court acted within its discretion by denying defendant's motion to withdraw his plea.

## III. Sex Offender Status

■ Defendant contends the trial court erred when it found him to be a sex offender. Again, we disagree.

## A. Standard of Review

■ We review de novo whether defendant is a sex offender within the statutory definition of the term. See Hernandez v. People, 176 P.3d 746, 751 (Colo.2008) ("statutory interpretation is a question of law we review de novo"); People v. Duncan, 109 P.3d 1044, 1046 (Colo.App.2004) (same).

## B. Statutory Interpretation

In construing statutes, we must ascertain and give effect to legislative intent, looking first to the plain and ordinary meaning of statutory language. See Hernandez, 176 P.3d at 751; Duncan, 109 P.3d at 1046. If the statutory language is unambiguous, we interpret it according to its plain meaning. See Hernandez, 176 P.3d at 751; Duncan, 109 P.3d at 1046.

## C. Sex Offender Statutes

The General Assembly has determined that, to be considered for probation, each sex offender shall, among other requirements, submit to a sex offender evaluation. See § 16–11.7–104(1), C.R.S.2010; People v. Lenzini, 986 P.2d 980, 983 (Colo.App.1999) (statute requires evaluation of sex offenders and inclusion of this evaluation in presentence report for consideration by sentencing court). Further, each sex offender is required as part of the sentence to undergo treatment based on the recommendations in the evaluation. See § 16–11.7–105(1), C.R.S.2010; People v. Meidinger, 987 P.2d 937, 939 (Colo.App.1999) (error to impose sex offender conditions as part of probation without ordering statutorily required sex offender evaluation).

The General Assembly has defined "sex offender" in section 16–11.7–102(2), C.R.S. 2010. As pertinent to this appeal, the statute provides:

(2)(a) "Sex Offender" means any person who is:

(I) Convicted in the state of Colorado, on or after January 1, 1994, of any sex offense as defined in subsection (3) of this section; or

(II) Convicted in the state of Colorado on or after January 1, 1994, of any criminal offense, if such person has previously been convicted of a sex offense as described in subsection (3) of this section in the state of Colorado, or if such person has previously been convicted in any other jurisdiction of any offense that would constitute a sex offense as defined in subsection (3) of this section, or if such person has a history of any sex offenses as defined in subsection (3) of this section; or

(III) Convicted in the state of Colorado on or after July 1, 2000, of any criminal offense, the underlying factual basis of which involves a sex offense; or

(IV) Adjudicated as a juvenile or who receives a deferred adjudication on or after July 1, 2002, for an offense that would constitute a sex offense if committed by an adult or for any offense, the underlying factual basis of which involves a sex offense.

(b) For purposes of this subsection (2), any person who receives a deferred judgment or deferred sentence for the offenses specified in this subsection (2) is deemed convicted.

### D. Trial Court Ruling

In its request for the court to order a sex offender evaluation, the probation department cited the provision in section 16–11.7–102(2)(a)(II) that includes a person convicted of any offense who has a prior history of a sex offense. As support for its request, the probation department informed the court that defendant "has a prior deferred sentence for sexual assault on a child in 89JV926."

Defendant objected to the request, arguing that the juvenile adjudication resulted in a deferred sentence that was completed successfully and dismissed, and thus, there was no underlying conviction that would trigger the statute. He also asserted that the stat-ute treats a juvenile adjudication differently, that the only provision applicable to him was section 16–11.7–102(2)(a)(IV), and that his 1989 case did not meet the terms of that section because his adjudication had occurred before July 1, 2002.

The trial court relied upon section 16–11.7–102(2)(a)(II) and concluded that, because of the conduct underlying the deferred juvenile adjudication, defendant had a history of a sex offense and was therefore a sex offender. The court ordered a sex offender evaluation as requested by the probation department.

### E. Application

On appeal, defendant contends that the only provision of the sex offender definition applicable to him is section 16–11.7–102(2)(a)(IV), which deals specifically with juvenile adjudications. He notes that this subsection expressly applies only to those adjudications dated "on or after July 1, 2002," that his adjudication occurred in 1989, and that he therefore does not meet the definition of a sex offender. The People respond that defendant is properly classified as a sex offender under section 16–11.7–102(2)(a)(II), based upon his commission of the instant offense after July 1, 1994, in conjunction with his history of a sex offense. We agree with the People.

▮ There are four provisions in section 16–11.7–102(2)(a) that contain the definition of a sex offender. Each provision is different and is separated from the others by a semicolon and the disjunctive word "or," which is ordinarily assumed to demarcate different categories. *People v. Valenzuela*, 216 P.3d 588, 592 (Colo.2009). Nothing in the statute states that the juvenile adjudication provision in subsection (2)(a)(IV) is the *only* way that a juvenile can meet the definition. An individual can therefore come within the definition of a sex offender by meeting any one of the statute's definitions. *See id.* Accordingly, if one definition is applicable to defendant, we need not address whether another section is also applicable. *See People v. Lucas*, 232 P.3d 155, 167 (Colo.App.2009) (when statute phrased in the disjunctive, only one of the conditions needs to be met to complete the offense).

Here, the trial court correctly applied to defendant the definition of a sex offender set forth in section 16–11.7–102(2)(a)(II). Under that statutory subsection, defendant stands convicted in this case of "any criminal offense"—specifically, theft and menacing—and because of his sexual misconduct as a juvenile, he has a previous history of a sex offense. *See Meidinger*, 987 P.2d at 939 (court construed "history" in the context of the sex offender statute to include the facts and circumstances of an offense). And we note that, contrary to his contention, defendant was not merely charged with a sex offense, but entered into a disposition for a deferred sentence. Even if the case was ultimately dismissed, the facts and circumstances underlying the deferred juvenile adjudication for sexual assault on a child provide support for the trial court's conclusion that defendant's history includes a sex offense. *See id.*

In addition, defendant has a previous "conviction" of a sex offense because his adjudication as a juvenile and his deferred judgment and sentence are nevertheless considered "convictions" under section 16–11.7–102(2)(b).

The orders are affirmed.

Judge TAUBMAN and Judge BERNARD concur.