Susan L. EDGE, Plaintiff–Appellant,

v.

DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION OF the STATE OF COLORADO, and Fred Fisher, Executive Director, Defendants–Appellees.

No. 00CA1469.

Colorado Court of Appeals,
Div. V.

Aug. 30, 2001.

Rehearing Denied Oct. 18, 2001.

Certiorari Denied Sept. 9, 2002.

Ned Jaeckle, University of Colorado, Boulder, CO, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, CO, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Susan L. Edge, appeals a district court judgment affirming an order of defendant, Colorado Department of Revenue, Motor Vehicle Division (Department), canceling her driver's license for failure to give required or correct information in her application to have her license reinstated. We reverse and remand.

The following facts are not disputed. Edge resided in Washington State until 1993. After moving to California, she surrendered her Washington driver's license to obtain a California driver's license. Later, Edge moved to Colorado where she obtained a Colorado driver's license after surrendering her California license. In 1994, a default judgment was entered against her in a Wash-

ington civil action involving a motor vehicle accident. Because that judgment had not been satisfied and because Edge did not then have a Washington driver's license, Washington suspended her driving privilege in 1995. The Department was notified of the unsatisfied Washington judgment and suspended her Colorado license under § 42–7–401, C.R.S.2000 on August 28, 1995. At no time was Edge's Washington driver's license ever suspended or revoked.

In February 1998, Edge applied for and was granted reinstatement of her Colorado license. In the application, she was asked whether she had been licensed in other states and whether such license had ever been denied, suspended, or revoked. Edge did not mention the Washington suspension of her driving privilege. In March 1998, the Department sent Edge an "Order of Cancellation and Denial" indicating that she had failed to give the required or correct information on her application because she failed to disclose Washington's restraint on her driving privilege.

Edge requested and received a hearing at which she argued that she had answered the application truthfully and accurately. Specifically, she noted that only her driving privilege (and not her license) was under restraint in Washington. She also argued that when she completed the application, she was not aware of the Washington restraint.

The hearing officer rejected these arguments and determined that the cancellation was valid based upon Edge's failure to disclose the Washington restraint in her application.

Edge then sought review of the hearing offer's order in the district court. The district court determined that the hearing officer did not err by treating the restraint of a "license" and a "driving privilege" comparably for purposes of disclosure in the application. The court also determined that Edge had adequate notice of the Washington restraint such that her due process rights were not violated.

## I.

■ The Department asserts that this appeal is moot because the hearing officer separately and alternatively canceled Edge's license based upon the Driver License Compact, § 24–60–1101, C.R.S.2000, and she has not appealed from that portion of the order. We disagree.

■ Initially, we note that the Department's argument is not properly based upon the mootness doctrine. Under that doctrine, a court may decline to render an opinion as to the merits of an appeal if the relief granted by the court would not have a practical effect upon an existing controversy. *See Trinidad Sch. Dist. No. 1 v. Lopez,* 963 P.2d 1095 (Colo.1998). Here, nothing has transpired since the district court's order that would render a decision on the merits of this appeal moot.

Nor does the record support the Department's assertion that the hearing officer canceled Edge's driver's license based on the compact. Although the hearing officer did, sua sponte, mention that Edge could be denied a license pursuant to the compact, that was not the stated basis for the hearing officer's decision. Indeed, both the initial cancellation order and the minute order from the hearing reference Edge's alleged failure to disclose the Washington restraint as the basis for canceling her license. *See* § 42–2–122(1)(a), C.R.S.2000 (providing the Department with authority to cancel a license based upon the failure to give the required or correct information in an application). Neither of these documents specifically references the compact.

Furthermore, to deny Edge a license based upon the compact, the Department would have been required to provide her with notice of that basis. *See* Dep't of Revenue Interstate Driver License Compact Rule A.3, 1 Code Colo. Regs. 204–16. Additionally, the hearing officer would have been required to follow certain procedures that were not followed at the hearing and to make certain findings that are absent here. *See* Dep't of Revenue Interstate Driver License Compact Rule (B), 1 Code Colo. Regs. 204–16. Finally, the compact was never raised or addressed in the district court.

Under these circumstances, we decline to consider whether the Department could have canceled Edge's license under the compact.

## II.

■ Edge contends that the Department was without statutory authority to cancel her license because she did not make a false or incorrect statement in her application. She contends that, because the application sought information concerning the suspension or revocation of any prior driver's *license*, she was not required to disclose Washington's suspension of her driving *privilege*. We agree.

The parties agree that the portion of Edge's license reinstatement application at issue was based on § 42–2–107(2)(a), C.R.S. 2000. That section provides, in pertinent part, as follows:

> Every application shall ... state whether the licensee has ever been licensed as a ... driver, and if so, when and by what state ... and whether any such license has ever been denied, suspended, or revoked, the reasons therefor, and the date thereof.

The parties dispute whether this section required Edge to disclose Washington's suspension of her driving privilege.

■ Our goal in construing statutes is to discern and give effect to the intent of the General Assembly. *Colorado Dep't of Revenue v. Woodmen of the World*, 919 P.2d 806 (Colo.1996). We look primarily to the language of a statute to determine legislative intent. *Jones v. Cox*, 828 P.2d 218 (Colo. 1992). Words and phrases should be given effect according to their plain and ordinary meaning, and unless it would lead to an absurd result, a court must not strain to give statutory language anything other than its plain meaning. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991).

As noted, § 42–2–107(2)(a) requires an applicant to disclose information regarding any prior driver's "license." The General Assembly's use of the word "license" is significant because numerous portions of the Uniform Motor Vehicle Law distinguish a driver's license from a driving privilege. For example, § 42–2–123(1), C.R.S.2000 provides that the

"privilege of driving a motor vehicle on the highways of this state given to a nonresident is subject to suspension or revocation by the department in like manner and for like cause as a driver's license may be suspended or revoked." See also §§ 42–2–134, 42–2–138(1)(a), (3), C.R.S.2000. Indeed, the supreme court has recognized that the General Assembly intended that a distinction be drawn between a driving privilege and a driver's license. *See Colorado Dep't of Revenue v. Smith*, 640 P.2d 1143 (Colo.1982).

Although other sections of the Uniform Motor Vehicle Law define the term "license" to include a driving privilege, such definitions are expressly limited to those statutory sections. *See* §§ 42–2–126(2)(d), 42–2–127.7(2)(d), C.R.S.2000.

In light of this statutory scheme, it is apparent that the General Assembly recognizes a distinction between a driver's license and a driving privilege. It is further apparent that when the General Assembly has intended these terms to be synonymous, it has explicitly so stated. Consequently, in enacting § 42–2–107(2)(a), had the General Assembly intended to require applicants to disclose information concerning nonresident driving privileges, it would have so indicated. *See In re Marriage of Gedgaudas*, 978 P.2d 677 (Colo.App.1999)(when the General Assembly uses different terms, it is presumed that the terms have different meanings).

In sum, we conclude that § 42–2–107(2)(a) only required Edge to disclose information regarding any prior driver's license. Consequently, her failure to disclose the Washington restraint of her nonresident driving privilege did not render her response false or incorrect. Thus, the Department lacked authority to cancel her license based upon her application response.

Given our conclusion that Edge's application response was neither false nor incorrect, we need not address her remaining contention that the application question at issue was so vague that cancellation of her license amounted to a due process violation.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge KAPELKE and Judge PIERCE *, concur.