**Jesus LOREDO, Appellant,**

v.

**DENVER PUBLIC SCHOOL DISTRICT NO. 1, Appellee.**

**No. 91CA1634.**

Colorado Court of Appeals,
Div. C.

Feb. 27, 1992.

Colorado Educ. Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Aurora, for appellant.

Semple & Jackson, P.C., Michael H. Jackson, Patrick B. Mooney, Denver, for appellee.

Opinion by Judge TURSI.

In this tenured teacher dismissal case, this court issued an order to show cause why the appeal should not be dismissed for failure to file within the time limit prescribed by § 22–63–302(10), C.R.S. (1991 Cum.Supp.). We now discharge the order to show cause and accept the appeal as timely filed.

Effective July 1, 1990, the General Assembly repealed the Teacher Employment, Dismissal, and Tenure Act of 1967 and reenacted it as the Teacher Employment, Compensation, and Dismissal Act of 1990. The 1967 Act had provided that a teacher could obtain judicial review of an order of dismissal by filing a notice of appeal within forty-five days of the order. Section 22–63–117(11), C.R.S. (1988 Repl.Vol. 9); § 24–4–106, C.R.S. (1988 Repl.Vol. 10A). The 1990 Act provides that a notice of appeal must be filed within twenty days of the order of dismissal. Section 22–63–302(10)(a), C.R.S. (1991 Cum.Supp.).

Charges were filed in this case in June 1990, before the effective date of the 1990 Act. The order of dismissal was entered after the effective date of the new law. Thus, the issue is whether the procedural provisions of the reenacted law should be applied to actions pending on its effective date.

■ Unless a contrary intent is expressed in the statute, procedural changes are applicable to existing causes of action and not merely to those which accrue in the future. *Suley v. Board of Education*, 633 P.2d 482 (Colo.App.1981).

■ Here, however, a contrary intent is expressed in § 22–63–302(10)(a) of the reenacted statute by its specific reference to dismissal "pursuant to the provisions of subsection (9) of this section," *i.e.*, § 22–63–302(9), C.R.S. (1991 Cum.Supp.).

However, in this proceeding, the hearing was conducted by an administrative law judge pursuant to § 22–63–117, C.R.S.

(1988 Repl.Vol. 9), rather than § 22–63–302(9) and the order of dismissal was entered pursuant to § 22–63–117. Accordingly, the conditions for application of the reenacted statute are not present, and we determine that the period for appealing the order of dismissal is the forty-five days established in the 1967 Act. Thus, the appeal was timely filed.

Order to show cause discharged.

HUME and ROTHENBERG, JJ., concur.