**COLORADO COMPENSATION INSURANCE AUTHORITY, Plaintiff–Appellee,**

v.

**RAYCOMM TRANSWORLD INDUSTRIES, INC. d/b/a Royalpar/Ewing, a Delaware Corporation, Defendant–Appellant.**

**No. 95CA1545.**

Colorado Court of Appeals, Div. III.

Sept. 26, 1996.

Rehearing Denied Nov. 14, 1997.

Certiorari Denied Aug. 4, 1997.

Pearson, Milligan & Horowitz, P.C., Robert M. Horowitz, Susan D. Maez, Denver, for Plaintiff–Appellee.

Burg & Eldredge, P.C., David P. Hersh, Matthew D. Bailis, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Raycomm Transworld Industries, Inc., appeals from the default judgment entered in favor of plaintiff, Colorado Compensation Insurance Authority, and from the trial court's denial of a motion to set aside the default judgment. We reverse and remand with directions.

On May 3, 1995, plaintiff filed this action against defendant and another party, seeking to recover alleged unpaid workers' compensation insurance premiums. Defendant's registered agent was served with a summons and a copy of the complaint on May 25, 1995. Pursuant to C.R.C.P. 12(a), defendant would have been required to respond to the complaint by June 26, 1995. However, plaintiff's counsel agreed to an extension of time until July 10, 1995.

Plaintiff filed a motion for default judgment on July 12, 1995. At that time, defendant had not filed an answer or any other document with the trial court.

On July 16, 1995, before entry of a default, defendant filed its answer. Defendant also filed a response to plaintiff's motion for default judgment on July 21, 1995. On July 24, 1995, the trial court entered an order granting default judgment against defendant. Thereafter, defendant filed a motion to set aside the default judgment, which the trial court denied.

Following a hearing to determine the amount of plaintiff's damages, the trial court entered judgment in favor of plaintiff in the amount of $276,430.84 plus postjudgment interest and costs.

Defendant first contends that the trial court erred in entering the default judgment because it filed its answer before the entry of default and before the trial court entered the default judgment. Under the circumstances here, we agree.

C.R.C.P. 55(a) provides in relevant part, as follows: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

While the court itself may also enter the default, it may not properly enter a default *judgment* if an answer has been filed before entry of default by either the clerk or the court. *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* 2682 (1983); 6 *Moore's Federal Practice* § 55:03[1] (discussing Fed. R.Civ.P. 55, the federal counterpart of C.R.C.P. 55). *See also Tarbell v. Jacobs,* 856 F.Supp. 101 (N.D.N.Y.1994); *Systems Industries, Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Pa. 1985).

Thus, although defendant's answer here was filed late, because it was filed before a default had been entered and before the trial court had ruled on the motion for default judgment, the court should have denied the motion and erred in not doing so.

In view of our conclusion that default judgment should not have been entered, we need not address defendant's additional contention that the court abused its discretion in denying the motion to set aside the default judgment.

The judgment is reversed, and the cause is remanded for further proceedings on the merits.

HUME and ROTHENBERG, JJ., concur.