The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

George L. McMURREY, Defendant–
Appellant.

No. 00CA0205.

Colorado Court of Appeals,
Div. I.

Nov. 23, 2001.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, George L. McMurrey, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In 1998, defendant pled guilty to one count of first degree criminal trespass pursuant to a written plea agreement. As part of the plea agreement, the prosecution agreed to dismissal of charges of first degree burglary, first degree criminal trespass, third degree assault, and two counts of sexual assault. These charges arose out of an incident between defendant and his now ex-wife. The plea agreement stipulated that defendant would receive probation, with the terms and conditions of probation left to the discretion of the trial court.

In its written investigative report, the probation department requested that the trial court determine if the first degree criminal trespass offense involved unlawful sexual behavior, and if so, that defendant be ordered to comply with § 18–3–412.5, C.R.S.2001, and, among other things, register as a sex offender.

At the sentencing hearing, the trial court determined that a factual basis for sexual assault did not exist. The trial court stated that if the prosecution believed the offense involved unlawful sexual behavior, it should have entered into a plea agreement pursuant to which defendant pleaded guilty to a sex offense, or it should have set forth the factual basis for the plea. The trial court sentenced defendant to four years probation and did not impose the conditions of § 18–3–412.5.

The trial court revoked defendant's probation in 1999 and resentenced him to two years in the Department of Corrections (DOC), with two years of mandatory parole.

The DOC subsequently performed a clinical treatment needs assessment and classified defendant as a sex offender with a sexual violence rating of S–4, the second highest such rating. As a result of this classification, defendant, among other things, was not eligible for early parole.

Acting *pro se*, defendant filed, under this case, a petition for writ of mandamus challenging his DOC classification. The trial

court did not rule on this motion; rather, a court clerk instructed defendant to file the petition as a civil case.

Defendant, through court-appointed counsel, subsequently filed a Crim. P. 35(c) motion for postconviction relief, arguing that: (1) the district court found that there was no factual basis indicating the offense involved sexual assault; (2) DOC erroneously classified defendant as a sex offender; (3) DOC refused to change defendant's sexual violence rating; and (4) this classification affected defendant's liberty interests and violated his right to due process. Defendant requested that the trial court issue an injunction ordering the DOC to remove the S–4 classification until the DOC provided defendant with a hearing.

The trial court denied defendant's motion without a hearing on the grounds that it lacked jurisdiction to consider defendant's claim and that the remedy sought was not available under Crim. P. 35(c).

Defendant contends that the trial court erred in determining that it lacked jurisdiction to rule on his Crim. P. 35(c) motion. We disagree.

### I.  Mootness

■ Initially, the People argue that defendant's appeal is moot because defendant is currently on parole. However, defendant contends that even though he is serving the mandatory parole portion of his sentence, this appeal is not moot because, as a result of the DOC classification, he is now required to register as a sex offender and to participate in sex offender treatment programs. We agree with defendant.

■ An issue becomes moot when the relief granted by the court would not have a practical effect upon an existing controversy. *Brown v. Colorado Dep't of Corrections,* 915 P.2d 1312 (Colo.1996). Generally, an appellate court will decline to render an opinion on the merits of an appeal when events subsequent to the underlying litigation have rendered the issue moot. *People v. Black,* 915 P.2d 1257 (Colo.1996).

Here, we conclude that defendant's case is not moot for several reasons.

First, the fact that defendant has completed the confinement portion of his sentence and is now serving a period of mandatory parole does not render his claim moot. *See Craig v. People,* 986 P.2d 951 (Colo.1999)(a violation of the terms of parole can convert the parole term into an additional period of imprisonment of up to the remaining length of the parole period).

Second, defendant's alternative contention is that he is entitled to unconditional discharge from his sentence because, if DOC properly classified him as a sex offender, he is not subject to mandatory parole. Defendant also asserts that his liberty is unlawfully restricted because he must register as a sex offender and possibly participate in treatment while on parole. If we were to agree with either contention, we could grant relief that would have a practical effect on an existing controversy.

Therefore, we will not dismiss this case as moot, and we will address defendant's contentions about the court's jurisdiction on the merits.

### II.  Defendant's Claim under Crim. P. 35(c)

■ Crim. P. 35(c)(2) affords every person convicted of a crime the opportunity for postconviction review on the grounds that a sentence was imposed in violation of the constitutions or laws of the United States or of Colorado or that the sentence imposed exceeded the maximum authorized by law, was not in accordance with the sentence authorized by law, or has been fully served.

Crim. P. 35(c)(3) allows an aggrieved person claiming a right to be released to request the court that imposed the sentence "to vacate, set aside, or correct the sentence, or to make such order as necessary to correct a violation of his constitutional rights." The rule further provides that if a person is entitled to postconviction relief, the court must, *inter alia,* "make such orders as may appear appropriate to restore a right which was violated."

Relying on *People v. Turman,* 659 P.2d 1368 (Colo.1983), defendant argues that in the context of a Crim. P. 35(c) motion, a trial

court may consider whether DOC's implementation of a sentence violates a defendant's constitutional rights. We are not persuaded.

In *Turman,* the supreme court accepted a jurisdictional argument similar to that advanced by defendant here. The defendants in *Turman* alleged that DOC's failure to afford good time credit for pretrial confinement denied them equal protection because they were required to serve more time than persons who received the same sentence, but who were not indigent and were therefore able to make bail.

In determining that the trial court had jurisdiction under Crim. P. 35(c) and that DOC was not a required party, the supreme court stated: "Our reading of [Crim. P.] 35(c)(2) leads us to the conclusion that the court had jurisdiction to consider whether the defendants' constitutional rights were being denied." *People v. Turman, supra,* 659 P.2d at 1370–71.

■ Although *Turman* appears to support defendant's contention, we conclude it is distinguishable and that the trial court here did not have jurisdiction to consider defendant's claim against the DOC in a Crim. P. 35(c) motion for several reasons.

■ First, in contrast to mental health and sexual violence classifications, credit for pretrial confinement and good time credit are often determinative of the length of a defendant's sentence and are closely tied to how a sentence is imposed. For example, these credits impact the length of a defendant's confinement and the determination of whether a defendant has served his or her sentence, two areas appropriate for Crim. P. 35(c) challenges. *See generally People v. Lepine,* 744 P.2d 81 (Colo.App.1987)(defendant may challenge confinement credit in a Crim. P. 35(c) motion once he or she claims a right to be released); *People v. Shackelford,* 729 P.2d 1016 (Colo.App.1986)(defendant may challenge good time credit in a Crim. P. 35(c) motion once defendant is entitled to be released). Moreover, determination of the amount of pretrial credit is solely a matter within the province of the sentencing court.

Second, we disagree with defendant's contention that, pursuant to § 18–3–412.5, the trial court had sole responsibility to determine whether he had been convicted of a sexual offense. Rather, we agree with the People's argument that defendant's claim concerns whether DOC may determine, independently of the trial court, that a defendant is a sex offender. We conclude that resolution of that issue is not appropriate under Crim. P. 35(c).

■ Sections 16–11.7–101 to –106, C.R.S. 2001, provide DOC with statutory authority and discretion to classify a defendant as a sex offender for the purposes of treatment.

Pursuant to § 16–11.7–102(2)(a), C.R.S. 2001, a sex offender is defined to include those convicted of certain sex offenses, those who have a history of specified sex offenses, and those convicted of any criminal offense on or after July 1, 2000, if the underlying factual basis involves a sex offense.

■ Under DOC regulations, inmates not convicted of sex offenses may nevertheless be classified as sex offenders. Department of Corrections Administrative Regulation 700–19, article IV(A) (2001), identifies S–4 sex offenders as:

individuals whose history indicates sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense. This category also includes misdemeanor convictions and juvenile convictions for sex offenses.

*See Chambers v. Colorado Dep't of Corrections,* 205 F.3d 1237 (10th Cir.2000)(interpreting DOC sex offender regulations).

Another DOC regulation provides: "The [underlying] factual basis is determined from the Pre–Sentence Investigation Report (PSIR), law enforcement records and/or court transcripts." Dep't of Corrections Admin. Reg. 700–19, art. IV(E). *See also* Dep't of Corrections Admin. Reg. 550–06 (2001)(regulations assuring compliance with sex offender registration statute and requiring defendants to register provide for DOC personnel to determine the underlying factual basis of the defendant's offense).

Furthermore, the purpose of DOC's sexual violence classification system is to provide "comprehensive evaluation identification, treatment, and continued monitoring of sex offenders ... in order to work toward the elimination of recidivism by such offenders." Section 16–11.7–101.

In contrast, the trial court's sex offender determination under § 18–3–412.5 has a wholly different purpose. *See* § 18–3–412.5(6.5)(a), C.R.S.2001 (purpose of registration is to allow members of the public to protect themselves and their children).

In fact, even if a trial court determines that a defendant need not comply with the provisions of § 18–3–412.5, DOC retains authority under § 16–11.7–104 to classify the defendant as a sex offender and prescribe appropriate treatment. *See* Dep't of Corrections Admin. Reg. 700–19, art. IV(A)(S–5 classification for individuals with past or current felony sexual offense convictions).

Additionally, § 16–11.7–101 contemplates that DOC will provide "continued monitoring of sex offenders at each stage of the criminal justice system" and make subsequent determinations and recommendations for sex offender treatment, pursuant to § 16–11.7–105. This ongoing review is unlike the one-time determination by the trial court under § 18–3–412.5 as to whether a defendant must register as a sex offender.

■ Although the DOC classification may have parole-related effects, classification or registration as a sex offender, even under § 18–3–412.5, is not an element of a defendant's sentence. *See People in Interest of J.T.*, 13 P.3d 321 (Colo.App.2000)(the statutory duty to register as a sex offender is not a criminal punishment); *People v. Montaine*, 7 P.3d 1065 (Colo.App.1999)(the purpose of registration is to protect the public, not to enhance the defendant's punishment for the offense). *See also* § 18–3–412.5(6.5)(a) (the General Assembly does not intend the sex offender registration information to be used "to inflict retribution or additional punishment").

Thus, we conclude that DOC's statutory authority to classify sex offenders under § 16–11.7–101 is separate and distinct from a trial court's sex offender determination under § 18–3–412.5.

Accordingly, we view defendant's due process claim as a challenge to: (1) the authority and discretion granted to the DOC under §§ 16–11.7–101 to –107; (2) the validity of DOC's regulations implementing this authority; or (3) the application of these statutes and regulations to defendant. Therefore, his claim should properly be brought against the DOC. *See, e.g., Chambers v. Colorado Dep't of Corrections, supra* (inmate classified by DOC as sex offender although not convicted of sex offense has liberty interest, protected by his right to procedural due process, in not being wrongfully classified as sex offender).

Finally, we are not persuaded to reach a different conclusion by defendant's reliance on *People v. Grangruth*, 990 P.2d 697 (Colo. 1999)(court ordered DOC to follow trial court order for presentence confinement credit); *Meredith v. Zavaras*, 954 P.2d 597 (Colo. 1998)(DOC required to credit defendant for presentence confinement ordered by trial court); and *Bullard v. Department of Corrections*, 949 P.2d 999 (Colo.1997)(DOC required to discharge defendant pursuant to trial court order stating sentence had been served). These cases are inapposite because they did not involve relief under Crim. P. 35(c). Moreover, these cases concerned trial court orders addressing presentence credits and determinations of whether a sentence was served, not mental health counseling or assessment. As discussed above, presentence credits and the length of a defendant's sentence are two determinations directly related to the trial court's imposition of a defendant's sentence.

Indeed, *Grangruth, Zavaras,* and *Bullard* actually support our conclusion that DOC should be a party to an action seeking this type of relief. In each case, the defendant's original action was brought against DOC or its executive director through a petition for a writ of mandamus.

Thus, we conclude that the DOC sex offender classification does not fall within the purview of Crim. P. 35(c)(2) and that defendant's proper claim is against the DOC. *See also People v. Green*, 36 P.3d 125 (Colo.App.

2001)(due to inadequate record, court expressed no opinion whether defendant's claim that DOC violated his constitutional rights by labeling him as a sex offender may be properly raised in a Crim. P. 35(c) motion).

In light of the above discussion, we need not address defendant's other contentions.

The order is affirmed.

Judge METZGER and Judge NEY concur.