Albert S. FISHER, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Joseph Ortiz, L. Dennis Kleinsasser, and Peggy Heil, Defendants–Appellees.

No. 01CA1532.

Colorado Court of Appeals, Div. IV.

Aug. 15, 2002.

Albert S. Fisher, Pro Se.

Ken Salazar, Attorney General, Alisha M. Burris, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiff, Albert S. Fisher, appeals from the judgment of the district court dismissing sua sponte his claims against defendants, Colorado Department of Corrections, Joseph Ortiz, L. Dennis Kleinsasser, and Peggy Heil (collectively DOC). We reverse and remand.

Fisher is an inmate at the Huerfano County Correctional Facility in the custody of the DOC, serving a sentence on a conviction for aggravated motor vehicle theft. Pursuant to the DOC's Sex Offender Treatment and Monitoring Program (SOTP), the inmate was classified as an S–4 (out of a possible 5) on the sexual violence scale. As a result, to receive the maximum earned time credits towards parole, the inmate was required to admit to being a sex offender and to participate in a treatment program for sex offenders.

This classification originally was based on: (1) the inmate's conviction in 1987 for public indecency, a class one petty offense; (2) a disputed charge of third degree sexual assault in 1987; and (3) the factual basis of a charge of harassment in 1981. The inmate contends that the third degree sexual assault charge was the result of a clerical error by a police officer. The DOC appears to have conceded that the sexual assault charge and the harassment charge are not grounds relied upon for the classification; instead it relies on the 1987 public indecency conviction as the only basis for the classification.

The inmate filed this action pursuant to C.R.C.P. 106(a)(4), alleging that such classification without a hearing was an abuse of discretion and violated his right to due process and the prohibition against ex post facto punishment. This action was dismissed sua sponte by the district court.

We review the district court's dismissal de novo. *Springer v. City & County of Denver,* 13 P.3d 794 (Colo.2000). A claim may be dismissed only if, accepting the allegations as true, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992).

## I.

The inmate first contends that the district court erred in determining that it lacked jurisdiction to review the actions of the DOC. We agree.

The district court dismissed the case relying on *Kort v. Hufnagel,* 729 P.2d 370 (Colo. 1986), and concluded that any district court order that intrudes on the DOC's discretion in classifying inmates is invalid. This conclusion, however, misconstrues the authority of the district court to review the quasi-judicial actions of an administrative agency for an abuse of discretion.

Authority to review quasi-judicial actions taken by the DOC is derived from C.R.C.P. 106(a)(4), which provides for review to determine if such agency actions exceeded the agency's jurisdiction or constituted an abuse of discretion. *See Kodama v. Johnson,* 786 P.2d 417, 419 (Colo.1990)(DOC actions are reviewable pursuant to C.R.C.P. 106(a)(4)).

An action is quasi-judicial if the governmental decision is likely to adversely affect the protected interest of an individual by application of preexisting legal standards to facts presented to the governmental body. *Dill v. Board of County Commissioners,* 928 P.2d 809 (Colo.App.1996). Such reviewable actions are not limited to official hearings or other trial-like procedures and include any agency action taken pursuant to statute. *See Baldauf v. Roberts,* 37 P.3d 483, 484–85 (Colo.App.2001)("We perceive no meaningful distinction between the DOC's disciplinary procedures and its administrative segregation procedures in terms of the quasi-judicial nature of these actions"). However, such reviewable action do not include quasi-legislative disciplinary actions applicable generally to all prisoners. *See Jones v. Colorado Department of Corrections,* 53 P.3d 1187 (Colo.App.2002).

Here, the agency's action affected a protected liberty interest of the inmate, as discussed below in section II.A. It involved the classification of the inmate through the application of a statute to the facts of his particular situation and not the issuance of a rule of general applicability. Thus, such classification by the DOC falls within the realm of reviewable quasi-judicial activity, and review of such action under C.R.C.P. 106(a)(4) is appropriate.

## II.

The inmate contends that the district court erred by failing to consider existing law regarding procedural due process in inmate classifications. We agree.

### A.

In *Chambers v. Colorado Department of Corrections,* 205 F.3d 1237 (10th Cir.2000), the court reviewed the actions of the DOC in classifying an inmate as a sex offender under the SOTP. The *Chambers* court held that the conditioning of earned time credits by the DOC, combined with the inchoate stigmatiza-

tion resulting from such a label, implicated a protected liberty interest that required procedural scrutiny.

Other jurisdictions also have found a protected liberty interest in classification for the purposes of sex offender treatment programs. *See Kirby v. Siegelman,* 195 F.3d 1285 (11th Cir.1999); *Neal v. Shimoda,* 131 F.3d 818 (9th Cir.1997); *State v. Bani,* 97 Hawai'i 285, 36 P.3d 1255 (2001).

Here, we have facts similar to those in *Chambers.* The classification of the inmate results in the loss of earned time credits if he does not participate in a treatment program. The classification results in the same stigmatization as in *Chambers.* Thus, we conclude that the classification of the inmate implicated a protected liberty interest and requires due process.

### B.

Because procedural due process is implicated, we must now determine whether the inmate received adequate procedural safeguards in his classification. We conclude that he did not.

Both parties agree that the inmate failed to receive a formal hearing on his classification. However, while the DOC concedes that an inmate who has never been convicted of a sex offense is entitled to procedural due process before being classified as a sex offender, it asserts that the inmate's conviction of public indecency provided him with the proper due process. We disagree.

■ The DOC correctly asserts that an inmate who has been convicted of a sex offense in a prior adversarial setting has received the due process required for his classification. *Neal v. Shimoda, supra.* Yet, the crime that the DOC relies upon as the predicate for the inmate's classification here is not included as a sex offense under the statute authorizing the creation of the SOTP or the subsequent regulations. *See* § 16–11.7–102(3), C.R.S.2001 (enumerating sex offenses); DOC Admin. Reg. 700–19.

The DOC argues that it has authority to classify the inmate as a sex offender based on his conviction of public indecency because its regulations provide that the S–4 classifica-

tion is proper for "misdemeanor convictions ... for sex offenses." Section 16–11.7–102(3) does not, however, provide unlimited discretion to classify misdemeanor offenses as sex offenses. It clearly enumerates the misdemeanor offenses, such as indecent exposure, that are properly considered sex offenses for the purposes of classification.

We do not determine whether the DOC has the authority under § 16–11.7–102 to classify as a sex offender an inmate not found guilty of either a listed sex offense or an offense of which the underlying factual basis was a listed sex offense. However, even assuming that the DOC may have such authority, due process require that an inmate be afforded a hearing when the basis for such classification is not a listed sex offense of which he stands convicted. *See Chambers v. Colorado Department of Corrections, supra; Neal v. Shimoda, supra.*

■ Here, in basing its classification on a crime that is not a sex offense and not affording the inmate a hearing, the DOC failed to provide him with the required procedural due process. The failure to provide due process is an abuse of discretion, *see, e.g., Tepley v. Public Employees Retirement Ass'n,* 955 P.2d 573, 578 (Colo.App.1997), and therefore we conclude that the DOC abused its discretion in its classification of the inmate as a sex offender.

We therefore remand for a hearing to determine if the inmate should be classified as a sex offender based upon the appropriate statutory standards. Based upon our resolution the inmate's due process claims, we need not reach the inmate's argument that participation in the SOTP constitutes ex post facto punishment.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge ROTHENBERG and Judge VOGT concur.