Timothy N. REEVES, Plaintiff–
Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, Defendant–
Appellee.

No. 05CA1764.

Colorado Court of Appeals,
Div. III.

Feb. 8, 2007.

Timothy N. Reeves, Pro Se.

John W. Suthers, Attorney General, Nicole S. Gellar, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Timothy N. Reeves, appeals the trial court's summary judgment in favor of defendant, Colorado Department of Corrections (DOC), in this action pursuant to C.R.C.P. 106. We affirm.

In 1993, upon intake into the DOC, Reeves was classified as not sexually violent (S–1), the lowest level on the DOC's sexual violence scale. In the DOC, an inmate is designated S–1 if the inmate has "no history or indication of sex offense behavior" and S–5 if the inmate has a past or current felony sexual offense conviction. DOC Admin. Reg. 700–19, art. IV(A)(1) & (5) (2006). S–3 inmates are "[o]ffenders who, while incarcerated, have committed sex offenses against staff or offenders, or who have displayed behaviors which are suggestive of sexual abuse directed towards another." DOC Admin. Reg. 700–19, art. IV(A)(3) (2006).

In 1995, Reeves masturbated in front of a female prison employee. After an administrative hearing, he was found guilty of sexual abuse pursuant to the DOC Code of Penal Discipline (COPD), thirty days were deducted from his earned time credit, and the DOC reclassified Reeves as S–3 on the sexual violence scale.

Reeves later admitted that he made sexually explicit statements to a prison nurse and was convicted of sexual harassment and verbal abuse. In a third incident, Reeves exposed himself to a female prison librarian and was convicted of sexual misconduct pursuant to the COPD.

In 2002, Reeves's case manager recommended him for the Sex Offender Treatment Program (SOTP). The SOTP requires that all convicted sex offenders undergo treatment based on a presentence investigation or a recommendation of the DOC. Section 16–11.71–05, C.R.S.2006. A "sex offender" is defined as anyone who has been convicted of any one of a list of sex offenses. Section 16–11.71–02, C.R.S.2006. However, the list does not include COPD convictions.

Starting in 2003, because Reeves would not admit that he was a sex offender, he was not permitted to attend treatment sessions. Pursuant to the DOC policy of withholding earned time credit from inmates who are recommended for SOTP but refuse to attend treatment sessions, the DOC began withholding three days good earned time credit each month. The DOC later changed its policy to withhold four days good earned time credit per month.

Reeves filed a complaint pursuant to C.R.C.P. 106(a)(2) asserting that the DOC improperly reclassified him as an S–3 on the sexual violence scale and sought a hearing to contest the classification and the withholding of earned time credit. The district court initially ruled that it did not have jurisdiction and denied Reeves's motion. However, a division of this court reversed the trial court order and remanded for consideration of Reeves's argument on its merits. *Reeves v. Colo. Dep't of Corr.*, 2004 WL 1950050 (Colo. App. No. 03CA1669, Sept. 2, 2004)(not published pursuant to C.A.R. 35(f)).

On remand, the DOC filed a motion for summary judgment. The DOC also filed a late motion to extend the time for its answer to the complaint, which was granted by the court. Upon learning that the DOC had not filed a timely answer, Reeves moved for a default judgment. The trial court denied Reeves's motion for default judgment and granted the DOC's motion for summary judgment.

## I. Standard of Review

C.R.C.P. 106(a)(2) provides that relief may be obtained "[w]here the relief sought is to compel a lower judicial body, governmental body, corporation, board, officer or person to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station." Mandamus is appropriate only when the following three-part test is satisfied: (1) the plaintiff has a clear right to the relief sought; (2) the agency has a clear duty to perform the act requested; and (3) no other adequate remedy is available to the plaintiff. *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875 (Colo.App.2003).

## II. Default Judgment

■ Reeves first contends the trial court erred in denying his motion for default judgment because the DOC failed to respond to his motion within the time limits imposed by C.R.C.P. 55. We disagree.

■ An entry of default judgment is not appropriate when a responsive pleading is filed after the time limits required by C.R.C.P. 55 but before a ruling has been issued. *Colo. Comp. Ins. Auth. v. Raycomm Transworld Indus., Inc.*, 940 P.2d 1000 (Colo. App.1996). In addition, a trial court may not enter default judgment against an agency of the State of Colorado unless the moving party has established his or her claim. C.R.C.P. 55(e).

Here, the DOC concedes that it filed a late answer to Reeves's complaint. However, the trial court had not yet ruled on the motion for default judgment when the DOC responded to Reeves's complaint and filed, in addition, a motion for summary judgment.

Furthermore, because the DOC is a state agency, before the trial court could enter a default judgment, Reeves was required to establish his claims with sufficient evidence. The DOC's mere failure to respond timely was an insufficient ground for Reeves to prevail on his motion. Therefore, the trial court properly denied Reeves's motion for default judgment.

## III. Authority to Classify Inmate as Sex Offender

■ Reeves contends the trial court erred in holding that the DOC has authority to classify inmates as sex offenders based on COPD convictions and to withhold earned time credit if an inmate fails to comply with sex offender treatment as required by that classification. We disagree.

■ The DOC has broad discretion over the classification and rehabilitation of inmates and the management of prisons. Section 17–1–103, C.R.S.2006 (outlining authority of DOC executive director); *see also* § 17–1–111, C.R.S.2006 ("The provisions of [the DOC Act] relating to the placement, assignment, management, discipline, and classification of inmates are not subject to [judicial

review pursuant to the Administrative Procedure Act].”). Thus, “absent a statutory or constitutional violation, courts generally do not intervene in matters of prison administration and defer to the DOC in the management of penal institutions.” *Powell v. Colo. Pub. Utils. Comm'n,* 956 P.2d 608, 614 (Colo. 1998).

A division of this court has held that, for purposes of treatment, the DOC has statutory authority to classify a defendant convicted of a non-sex offense as a sex offender when the underlying factual basis involves a sex offense. *People v. McMurrey,* 39 P.3d 1221 (Colo.App.2001); *see* §§ 16–11.7–102 to 16–11.7–106, C.R.S.2006. However, our case law has not addressed whether the DOC has properly construed its authority in promulgating regulations pursuant to that statute which classify as sex offenders inmates who have not been convicted of a sex offense but have been disciplined for sex-related conduct occurring while in prison. *See People v. McMurrey, supra,* 39 P.3d at 1225 (holding defendant's due process claim challenging the authority and discretion granted to the DOC under the SOTP must be brought against the DOC and not in a Crim. P. 35 motion); *see also Rivera–Bottzeck v. Ortiz,* 134 P.3d 517 (Colo.App.2006) (citing § 24–4–103, C.R.S.2006; plaintiff's assertions that DOC exceeded its authority in promulgating regulations as they relate to inmate placement, assignment, management, discipline, or classification are not subject to judicial review under the Administrative Procedure Act); *Fisher v. Colo. Dep't of Corr.,* 56 P.3d 1210, 1213 (Colo.App.2002) (“We do not determine whether the DOC has the authority under § 16–11.7–102 to classify as a sex offender an inmate not found guilty of either a listed sex offense or an offense of which the underlying factual basis was a listed sex offense.”).

■ When construing a statute, we afford deference to the interpretation given the statute by the officer or agency charged with its administration. *Rivera–Bottzeck v. Ortiz, supra; see also Verrier v. Colo. Dep't of Corr., supra* (noting the DOC has broad au-

thority to grant, withhold, withdraw, and restore earned time deductions).

Here, in addition to its authority pursuant to the SOTP statute, the DOC has statutory authority to "establish an environment that promotes habilitation for successful reentry into society." Section 17–1–103(1)(a), C.R.S. 2006.

DOC regulations provide standards to classify inmates on a sexual violence scale between S–1 and S–5. DOC Admin. Reg. 700–19, art. IV (2006). These regulations also encourage inmates to participate in treatment sessions, and, if they fail to participate, the regulation provides that the DOC will withhold earned time credit.

Although the SOTP statute does not list COPD convictions as sex offenses, we conclude that the DOC need not prosecute each prison offense through our judicial system to permit a classification of an inmate within the penal system.

Here, Reeves was convicted of conduct that included masturbating in front of a female prison employee and exposing himself to a female prison librarian. These COPD convictions are of a sexual nature, and thus the DOC was within its discretion in using them to reclassify Reeves as an S–3 on the sexual violence scale.

We note that a judicial conviction for an unlawful sexual offense or an offense with an underlying sexual basis may trigger a requirement to register as a sex offender pursuant to § 16–22–103, C.R.S.2006. *See People v. Rockwell,* 125 P.3d 410 (Colo.2005). However, we express no opinion as to whether a COPD conviction may qualify as a conviction for purposes of the sexual registration requirement of § 16–22–103 because we are not presented with that question here.

## IV. Due Process

■ Reeves next contends the trial court erred in finding that a prison disciplinary hearing provided sufficient due process to reclassify him on the sexual violence scale several years after the offenses occurred. We disagree.

■ An inmate generally does not have a constitutional right to a particular custody classification or good time credit. *Deason v. Kautzky,* 786 P.2d 420 (Colo.1990); *Kodama v. Johnson,* 786 P.2d 417 (Colo.1990).

■■ However, an inmate has a liberty interest necessitating due process where the DOC classifies the inmate as a sex offender based on preconfinement conduct not resulting in a sex offense conviction, and then requires him or her to participate in sex offender treatment and withholds earned time credit if he or she does not participate. *Chambers v. Colo. Dep't of Corr.,* 205 F.3d 1237 (10th Cir.2000). Under these circumstances, the DOC must afford an inmate a hearing so that the inmate may contest the sexual basis of the conviction. *Chambers v. Colo. Dep't of Corr., supra.*

That hearing must include "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Gwinn v. Awmiller,* 354 F.3d 1211, 1219 (10th Cir.2004) (citing *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). In addition, the hearing must be presided over by an impartial decisionmaker, and the decision must be supported by some evidence. *Gwinn v. Awmiller, supra.*

■ Similarly, the DOC must afford an inmate a hearing where the DOC's asserted basis for a sex offender classification is a preconfinement conviction for a crime not listed as a sex offense under § 16–11.7–102. *Fisher v. Colo. Dep't of Corr., supra.*

However, the DOC need not provide an inmate an additional hearing where the inmate was previously convicted of a sex offense because such an inmate, whether convicted "as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process." *Neal v. Shimoda,* 131 F.3d 818, 831 (9th Cir.1997).

Whether due process requires a hearing when the DOC seeks to classify an inmate as a sex offender based on conduct occurring in prison and established at a prison disciplin-

ary hearing has not been addressed by Colorado's appellate courts. However, this issue was recently addressed by the federal district court in Colorado, and we agree with its conclusion and analysis.

There, the DOC reclassified an inmate on the sexual violence scale based on a nine-year-old prison disciplinary hearing conviction. *Mariani v. Stommel,* 2006 WL 2598006 (D.Colo. No. 05–CV–01406–WDM–MEH, Aug. 11, 2006) (unpublished magistrate's recommendation for dismissal), *aff'd by district court,* 2006 WL 2598010 (Sept. 11, 2006) (unpublished decision). The magistrate found the prior disciplinary hearing, which included an appeal to a division of this court, provided sufficient due process to classify the defendant as a sex offender and to withhold earned time credit.

Here, the DOC reclassified Reeves based on sexual misconduct established at prison disciplinary hearings. The DOC need not have accorded Reeves an additional hearing before reclassifying him on the sexual violence scale because the prior disciplinary hearings provided him sufficient due process.

We agree with the reasoning of the magistrate in *Mariani* that the fact that Reeves's hearing took place within the confines of the penal system rather than in a courtroom is not significant. *See Mariani v. Stommel, supra,* (magistrate's recommendation) ("[T]he Court has found no precedent for Plaintiff's argument that the validity of the S–3 classification is affected by the fact that his conviction was not in a court of law but under the prison disciplinary system."). Furthermore, Reeves concedes that he was accorded due process in his disciplinary hearings for sexual abuse, sexual harassment, and sexual misconduct.

Reeves argues, nonetheless, that *Chambers* and *Fisher* require a contrary result. We conclude that both cases are distinguishable.

In *Chambers,* the DOC classified Chambers as an S–4 on the sexual violence scale and recommended he participate in SOTP. Nine years later, based on Chambers's failure to attend treatment sessions, the DOC began withholding earned time credit. Because the DOC based Chambers's classification on a police report that was never tested in an adversarial process, the court held that the DOC violated Chambers's right to due process.

Here, in contrast to *Chambers,* Reeves was convicted through the adversarial process of a prison disciplinary hearing. That hearing provided Reeves all the process he was due.

In *Fisher,* the DOC classified Fisher as an S–4 offender based on a prior conviction for a petty offense of public indecency. A division of this court held that "due process require[s] that an inmate be afforded a hearing when the basis for such classification is not a listed sex offense of which he stands convicted." *Fisher v. Colo. Dep't of Corr., supra,* 56 P.3d at 1213. However, the *Fisher* division did not address whether the DOC could base its sex offender classification on conduct established at a prison disciplinary hearing. It merely required the DOC accord the inmate a hearing because his conviction was not listed in the statute.

Here, unlike in *Fisher,* Reeves had an opportunity to contest in an adversarial proceeding the charges that formed the basis for his sex offender classification. Therefore, *Fisher* is also distinguishable.

### V.  Ex Post Facto Challenge

Reeves contends the trial court erred in finding the DOC's requirement that he take part in SOTP does not violate the Ex Post Facto Clause of the Constitution. We disagree.

The United States and Colorado Constitutions prohibits the passage of ex post facto laws. U.S. Const. art. I, § 10; Colo. Const. art. II, § 11. A criminal statute violates the Ex Post Facto Clause if it applies to events occurring before its enactment and disadvantages the offender by altering the definition of criminal conduct or increasing the punishment for the crime. *Fultz v. Embry,* 158 F.3d 1101 (10th Cir.1998); *People v. Stewart,* 926 P.2d 105 (Colo.App.1996).

The *Chambers* court found that a requirement to participate in SOTP and a subsequent loss of earned time credit for failure to participate in SOTP do not increase an in-

mate's sentence because the inmate has no vested right in a particular parole date or parole hearing eligibility date. *Chambers v. Colo. Dep't of Corr., supra.* It held, therefore, that the loss of earned time did not violate the Ex Post Facto Clause.

Here, the DOC withheld earned time from Reeves because he did not participate in SOTP. Because Reeves had no vested right in earned time, the DOC did not increase his punishment by reclassifying Reeves on the sexual violence scale and withholding earned time. Therefore, there was no violation of the Ex Post Facto Clause.

For these reasons, the trial court's judgment is affirmed.

Judge WEBB and Judge ROMÁN concur.