**Michael VONDRA, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS, Al Estep, Mary McCormick, Chad Lewing, and Tom Misel, Defendants–Appellees.**

No. 08CA0912.

Colorado Court of Appeals, Div. I.

June 11, 2009.

Michael Vondra, Pro Se.

John W. Suthers, Attorney General, Nicole S. Gellar, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge GABRIEL.

In this C.R.C.P. 106(a)(4) action, plaintiff, Michael Vondra, an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the district court's order dismissing his complaint that challenged the DOC's classification of him as a sex offender. We affirm.

## I.   Background

Although plaintiff was not convicted of a sex offense in a criminal proceeding, in May 2007, a hearing panel classified him as an S–4 sex offender.  The panel based its determination on plaintiff's alleged sexual assault of his ex-girlfriend, as described in police re-

ports, supplemental police reports, and the victim's statements.

On June 1, 2007, plaintiff filed a complaint under C.R.C.P. 106(a)(4) seeking judicial review of the DOC's classification. Plaintiff alleged that the DOC abused its discretion when it classified him as a sex offender because he had not been convicted of a sex offense or an offense with an underlying factual basis of unlawful sexual behavior. Plaintiff further alleged that the DOC improperly based its decision on allegations that were made in a case that had been dismissed, after the prosecution stated that it did not believe it could prove a sexual assault charge beyond a reasonable doubt, in contravention of *People v. Rockwell*, 125 P.3d 410 (Colo.2005).

After reviewing plaintiff's complaint, defendants' answer brief, and plaintiff's reply, the district court dismissed plaintiff's complaint, concluding that (1) ch. 297, sec. 1, section 16–22–103(2)(d), 2002 Colo. Sess. Laws 1161 (former section 16–22–103(2)(d)), gave the DOC the authority to classify an inmate as a sex offender and did not require that the classification be based on a sex-related conviction; (2) the "DOC had competent evidence by which to classify [p]laintiff as a sex offender"; and (3) *Rockwell* was not applicable because it addressed "whether a defendant should be classified as a sex offender for purposes of discretionary parole, not classification within the DOC system."

Plaintiff now appeals.

## II. Discussion

Plaintiff contends that the district court erred (1) in using the "some evidence" standard of review because this standard does not apply to the review of an administrative hearing; (2) in dismissing his complaint because there were no facts to support the DOC's decision to classify him as an S–4 sex offender; and (3) in concluding that *Rockwell* is inapplicable. We address, and reject, each of these assertions in turn.

### A. Standard of Review

▮▮▮ The DOC's classification of an inmate as a sex offender is a quasi-judicial action subject to review under C.R.C.P. 106(a)(4). *See Fisher v. Colo. Dep't of Corr.*, 56 P.3d 1210, 1212 (Colo.App.2002). We will reverse the hearing panel's decision only if it was "an abuse of discretion or was made without jurisdiction, based on the evidence in the record." *Thomas v. Colo. Dep't of Corr.*, 117 P.3d 7, 8 (Colo.App.2004); *see also* C.R.C.P. 106(a)(4)(I); *Frazier v. Carter*, 166 P.3d 193, 195 (Colo.App.2007). In making this determination, we may properly consider whether the hearing officer misconstrued or misapplied the applicable law, but we must consider the hearing panel's factual findings in light of the whole record and defer to its decision if competent evidence in the record supports it. *Stamm v. City & County of Denver*, 856 P.2d 54, 58 (Colo.App.1993). If the evidence is conflicting, the hearing panel's findings are binding on appeal, and we may not substitute our judgment for that of the fact finder. *Id.*

Notwithstanding plaintiff's assertion to the contrary, the district court applied this standard of review, not the "some evidence" standard.

### B. Propriety of Dismissal of Plaintiff's Complaint

For the purpose of making "facility placement and treatment recommendations," DOC Admin. Reg. 750–02(I) (2008), the DOC reviews the records of all inmates "to ascertain whether they have a history of sexually abusive or violent behavior which has not been adjudicated as a sex offense," among other things. DOC Admin. Reg. 750–02(IV)(A)(1) (2008).

To classify an inmate as a sex offender, a hearing panel must find by a preponderance of the evidence that:

a) The facts indicate sexually violent or abusive behavior.

b) The sexually violent or abusive behavior could threaten public safety when the offender is released, or threaten safety and security within the facility.

c) The offender does not offer a credible explanation or evidence that would avoid the conclusion that they [sic] have demonstrated sexually violent or abusive behav-

ior that may threaten public safety when the offender is released, or threaten safety and security within the facility. DOC Admin. Reg. 750–02(IV)(B)(2)(c)(2) (2008).

■ To determine whether the district court properly dismissed plaintiff's complaint, we must first address plaintiff's contention that the current version of section 16–22–103(2)(d), C.R.S.2008, which was amended in relevant part in 2008, applies retroactively to his case. We conclude that it does not.

When the DOC classified plaintiff in May 2007, former section 16–22–103(2)(d), which was then applicable, did not bind the DOC to any stipulations by the district attorney or any findings by the district court with regard to whether the offense of which the person is convicted includes an underlying factual basis involving unlawful sexual behavior. Effective July 1, 2008, however, section 16–22–103(2)(d)(I) was amended to provide, in relevant part, that "any stipulation by a district attorney and any finding by the court with regard to whether the offense of which the person is convicted includes an underlying factual basis involving unlawful sexual behavior ... shall be binding on the department of corrections for purposes of classification." Plaintiff contends that the current version of the statute applies retroactively in this case, that the DOC was thus bound by the district attorney's decision not to pursue sexual assault charges against him, and that, therefore, the district court erred in dismissing his challenge to the DOC's classification of him as a sex offender. We disagree.

■ "Legislation is applied prospectively when it operates on transactions that occur after its effective date, and retroactively when it operates on transactions that have already occurred or rights and obligations that existed before its effective date." *Ficarra v. Dep't of Regulatory Agencies*, 849 P.2d 6, 11 (Colo.1993). "A statute is presumed to be prospective in its operation." § 2–4–202, C.R.S.2008; *People v. Summers*, 208 P.3d 251, 256–57 (Colo.2009); *see also Acad. of Charter Schs. v. Adams County Sch. Dist. No. 12*, 32 P.3d 456, 466 (Colo.2001) ("There is a statutory and common-law pre-

sumption that legislation is prospective unless intent to the contrary is shown."). That presumption may be overcome, however, if the statute clearly reveals the General Assembly's intent that it be applied retroactively. *See Summers*, 208 P.3d at 257; *Acad. of Charter Schs.*, 32 P.3d at 466.

■ Our constitution prohibits the General Assembly from passing laws that are "retrospective" in their operation. Colo. Const. art. II, § 11. The mere retroactive application of a statute, however, is not in and of itself unconstitutional. *Pollock v. Highlands Ranch Community Ass'n*, 140 P.3d 351, 354 (Colo.App.2006). For example, when a statute effects a change that is not substantive but only procedural or remedial in nature, the retroactive application of that statute does not violate the constitutional prohibition against retrospective legislation. *Abromeit v. Denver Career Service Bd.*, 140 P.3d 44, 51 (Colo.App.2005); *see also Loredo v. Denver Pub. Sch. Dist. No. 1*, 827 P.2d 633, 633 (Colo.App.1992) (procedural changes in statutes apply to existing causes of action unless statutes express contrary intent).

■ A statutory change is substantive when it creates, eliminates, or modifies vested rights or liabilities. *People v. D.K.B.*, 843 P.2d 1326, 1331 (Colo.1993). It is procedural when it relates only to remedies or modes of procedure to enforce such rights or liabilities. *Id.*

Here, we perceive nothing on the face of section 16–22–103(2)(d)(I) to suggest a legislative intention to apply the 2008 amendment retroactively, much less a clear intention to do so. Nor does plaintiff point to any pertinent statutory language or other applicable authority to show such an intent.

In addition, we conclude that section 16–22–103(2)(d)(I) is substantive and not merely procedural or remedial. Retroactive application of this statute to a case in which the DOC has previously determined a prisoner's classification in an administrative proceeding would modify vested rights and liabilities. Moreover, this statute gives preclusive effect in the course of the DOC's decision-making process to stipulations by prosecutors and

findings by courts as to whether the offenses at issue included an underlying factual basis involving unlawful sexual behavior. Such preclusive effect will frequently determine the outcome of the DOC proceeding, particularly where, as here, the prosecution's stipulation results in dismissal of the sexual assault charges in a defendant's criminal case. For these reasons, we conclude that section 16–22–103(2)(d)(I) is substantive in nature. *See Ortland v. County of Tehama,* 939 F.Supp. 1465, 1472 n. 9 (E.D.Cal.1996) (to the extent the statute at issue is outcome determinative, it affects substantive rights and cannot be applied under California's retroactivity rule); *Bush v. Commonwealth Edison Co.,* 812 F.Supp. 808, 810–12 (N.D.Ill.1992) (statutory amendment providing that certain state administrative decisions would no longer be binding or conclusive or constitute res judicata was substantive and would not be applied retroactively); *State v. Johnson,* 514 N.W.2d 551, 555 (Minn.1994) (noting in dicta that statutes of limitations are procedural in some respects but substantive to the extent that they are outcome determinative); *Reed v. City of Springfield,* 758 S.W.2d 138, 149 (Mo.Ct.App.1988) (because statute that destroyed collateral estoppel effect of a finding of fact made in an unemployment insurance proceeding would affect the substantive rights of the respondent by eliminating an available defense, it would not be applied retroactively).

▪ For these reasons, we conclude that the 2008 amendment to section 16–22–103(2)(d)(I) does not apply to the DOC's May 2007 classification, and the DOC was therefore not bound by the prosecution's stipulation. The question thus becomes whether there was competent evidence in the record to support the hearing panel's classification of plaintiff as a sex offender. We conclude that there was.

After a hearing at which plaintiff was given the opportunity to present a defense and challenge the allegations against him, the hearing panel classified plaintiff as an S–4 sex offender, concluding that he had "behaved in a sexually violent and abusive manner." The panel relied on facts contained in police reports, supplemental police reports,

and the victim's statements, and found that there was evidence that plaintiff had subjected an adult female victim to unwanted sexual contact through threats, intimidation, and physical force. The panel also found that there was evidence that a police officer had been present in the victim's home when plaintiff telephoned and had heard plaintiff threaten the victim.

We conclude, as did the district court, that competent evidence in the record supported the hearing panel's classification of plaintiff as a sex offender. *See Gwinn v. Awmiller,* 354 F.3d 1211, 1219 (10th Cir.2004) (rejecting inmate's argument that the hearing panel applied an improper presumption in classifying him as a sex offender, where the panel "relied on a detailed written account from the victim of the alleged sexual assault" and where the inmate "presented no more than a general written denial of the allegations"). As noted above, the hearing panel was not limited to reviewing evidence that formed the basis of a conviction of a sex offense or a conviction of an offense with an underlying basis of unlawful sexual behavior. The applicable administrative regulation refers specifically to "a history of sexually abusive or violent behavior which *has not been adjudicated as a sex offense.*" DOC Admin. Reg. 750–02(IV)(A)(1) (2008) (emphasis added). Moreover, because the hearing panel was not bound by any stipulation made by the prosecution, the fact that the prosecution did not believe that it could prove a sexual assault charge beyond a reasonable doubt did not preclude the hearing panel from determining that the same underlying evidence established, by a preponderance of the evidence, each of the prerequisites for classification as a sex offender within the DOC.

▪ We further conclude that plaintiff was provided all of the procedural protections that were due him. Specifically, plaintiff was given appropriate notice of the sex offender classification hearing, an opportunity to dispute the charges against him and to present a defense, and a written statement of the findings and evidence on which the panel relied. *See Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Neal v. Shimoda,* 131 F.3d 818, 830–

31 (9th Cir.1997). Moreover, the hearing was presided over by an impartial decisionmaker, and there was "some evidence" in the record to support the hearing panel's decision, as required to comport with due process. *See Gwinn*, 354 F.3d at 1219 ("[I]n order to comport with due process, there must be some evidence to support the hearing panel's decision and the decisionmaker must be impartial.") (citation omitted); *accord Reeves v. Colo. Dep't of Corr.*, 155 P.3d 648, 652 (Colo.App.2007).

For these reasons, we conclude that the district court did not err in dismissing plaintiff's complaint.

### C. *Rockwell*

Plaintiff's reliance on *Rockwell*, 125 P.3d 410, is misplaced. As the district court observed, *Rockwell* addressed whether the factual basis of the defendant's conviction required the district court to impose a sentence under the discretionary, rather than the mandatory, parole provisions. *See id.* at 415–16. It did not discuss the criteria on which the DOC may rely in making a classification decision.

### D. Remaining Arguments

Because plaintiff makes the arguments for the first time on appeal, we will not consider whether (1) former section 16–22–103(2)(d) violated the separation of powers doctrine; (2) the DOC's classification violated his right to equal protection; and (3) former section 16–22–103 was amended because it was unconstitutional. *See Dill v. Bd. of County Comm'rs*, 928 P.2d 809, 816 (Colo.App.1996) (refusing to consider constitutional arguments raised for the first time on appeal).

The order is affirmed.

Judge TAUBMAN and Judge ROY concur.