**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Vernest JONES, Defendant–Appellant.**

No. 07CA1383.

Colorado Court of Appeals, Div. III.

July 23, 2009.

John W. Suthers, Attorney General, Wendy J. Ritz, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Vernest Jones, appeals the trial court's order granting the People's motion for reconsideration and vacating its earlier order in which the court granted his postconviction motion and found that he was not a sex offender for treatment and parole purposes. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to possession of heroin in exchange for the dismissal of other charges against him and a stipulated four-year sentence to community corrections. The trial court sentenced defendant according to the agreement.

Defendant was rejected from community corrections and resentenced to the Department of Corrections (DOC) for four years. On March 28, 2002, the DOC completed a diagnostic summary and rated defendant as an S–4 sex offender based on a 1993 incident in which he was charged with sexual assault on a child, even though the charges were dismissed because there was insufficient evidence to go to trial.

On May 1, 2002, the DOC notified defendant that it was revising its sex offender rating procedures. The letter informed him that he could request an administrative review of his rating and outlined the hearing process. Defendant requested and received a hearing. The panel determined that he was a sex offender and issued its decision in a written order.

On January 20, 2005, defendant was released from the DOC to parole. As a condition of parole, he was required to participate

in a Risk Assessment Management (RAM) evaluation. He was also required to comply with a Sex Offender Supervision Directive/Lawful Order that included conditions specific to sex offenders. Because he refused to participate in sex offender treatment and the RAM evaluation, his parole was revoked for 100 days.

On June 13, 2005, defendant was released to parole under the same conditions but he refused to sign the parole directive. The same day, he filed a pro se Crim. P. 35(c) motion, arguing that his right to due process was violated because his parole had been unlawfully revoked based on his failure to comply with restrictions imposed as a result of his allegedly illegal classification as a sex offender.

The trial court denied the motion as time barred. The court also found that, under sections 17–2–201 and 17–22.5–303(6), C.R.S. 2008, it lacked jurisdiction to review the parole board's action in requiring him to undergo sex offender treatment as a condition of parole.

On July 14, 2005, his parole was revoked for 180 days. On February 9, 2006, defendant filed a pro se C.R.C.P. 106(a)(2) motion in Lincoln County, requesting a hearing to determine the legality of his incarceration. He argued that he had a protected liberty interest in not being classified as a sex offender and had been illegally incarcerated because of the DOC's illegal classification and his refusal to comply with sex offender treatment.

The district court denied the petition, found that it should be considered a Crim. P. 35(c) motion that should be filed in Denver District Court, and transferred venue to the Denver courts.

Defendant then filed his motion in Denver District Court. The court accepted the motion as a Crim. P. 35(c) motion, appointed counsel to represent him, and set a briefing schedule.

Defendant, through counsel, filed a supplemental postconviction motion, arguing that, under "Crim. P. 35(c) and/or C.R.C.P. 106," he had been unlawfully classified as a sex offender and should be released from the sex offender conditions of parole.

The People did not respond. The district court issued an order finding that the People had confessed the motion and granted defendant's motion, finding that he "is not, and has never been, a sex offender." The court reversed the parole board's order revoking his parole and ordered the board and the DOC to release him on parole without sex offender conditions.

On January 22, 2007, the Attorney General's office sent a letter to the court, saying that, because the DOC and the parole board were not parties to a Crim. P. 35(c) motion, they were not notified of the briefing schedule and became aware of the action only when they received the court's order requiring defendant's release to parole without sex offender treatment. They requested reconsideration of the order, arguing that only the parole board may set conditions of parole and the court lacked jurisdiction to alter those conditions. The court set a new briefing schedule and scheduled a hearing.

Following a hearing on the People's request for reconsideration, the court found that it did not have jurisdiction to consider defendant's Crim. P. 35(c) motion and vacated its December 15 order.

Defendant contends that the trial court erred in granting the People's motion for reconsideration. He argues that the DOC and the parole board unlawfully classified him as a sex offender and, therefore, the parole board could not legally (1) require him to comply with the sex offender conditions of his parole or (2) revoke his parole for failing to comply with such conditions. He further argues that the court erred in finding that it lacked jurisdiction under Crim. P. 35(c) over his claims. We disagree.

We review de novo whether a postconviction motion states a claim for relief under Crim. P. 35(c). *People v. Long*, 126 P.3d 284, 286 (Colo.App.2005). We also review de novo the trial court's dismissal of a complaint for lack of subject matter jurisdiction. *Wallin v. Cosner*, 210 P.3d 479, 480 (Colo.App.2009).

"Once a sentence is imposed, the executive branch is responsible for carrying out the court's mandate." *People v. Barth*, 981 P.2d 1102, 1105 (Colo.App.1999). "A trial court loses jurisdiction upon imposition of a valid sentence except under circumstances specified in Crim. P. 35." *People v. Heredia*, 122 P.3d 1041, 1043 (Colo.App.2005) (citing *People v. Mortensen*, 856 P.2d 45, 47 (Colo. App.1993)).

The DOC has statutory authority and discretion to classify an inmate as a sex offender for treatment purposes. *See* §§ 16–11.7-101 to –106, C.R.S.2008; *People v. McMurrey*, 39 P.3d 1221, 1224 (Colo.App.2001).

Sex offender classification hearings are quasi-judicial proceedings subject to review under C.R.C.P. 106(a)(4). *Fisher v. Colo. Dep't of Corr.*, 56 P.3d 1210, 1212 (Colo. App.2002). Therefore, defendant's challenge to his classification as a sex offender must be brought as a civil action against the DOC and not under Crim. P. 35(c). *See McMurrey*, 39 P.3d at 1225; *People v. Jackson*, 109 P.3d 1017, 1021 (Colo.App.2004).

Under C.R.C.P. 106(a)(4), a person alleging that a governmental body exceeded its jurisdiction or abused its discretion may commence an action for review by filing a complaint in the trial court. The complaint must be filed within thirty days of the agency's final decision. *See* C.R.C.P. 106(b). The thirty-day requirement is jurisdictional and cannot be tolled or waived. If a complaint is filed more than thirty days after the date of the board's final action, the complaint must be dismissed for lack of subject matter jurisdiction. *See Wallin*, 210 P.3d at 480.

Here, the board's decision issued on May 9, 2002. Therefore, the final day for commencing a C.R.C.P. 106(a)(4) proceeding in the trial court was June 8, 2002. Defendant's first postconviction motion, even if considered a complaint filed pursuant to C.R.C.P. 106(a)(4), was not filed until June 13, 2005, over three years after the date of the decision. Thus, the trial court lacked jurisdiction to consider his challenge to his sex offender classification.

Accordingly, because defendant failed to timely appeal his sex offender classification,

the parole board had the authority to impose sex offender conditions and treatment as part of his parole, as it would on any inmate classified as a sex offender. Therefore, the court also lacked jurisdiction to consider his claims regarding the conditions of his parole because these claims were grounded upon his classification as a sex offender. *Cf. Danielson v. Zoning Bd. of Adjustment*, 807 P.2d 541, 544 (Colo.1990) ("Danielson cannot escape the time limitations of C.R.C.P. 106(b) by label[ ]ing his request for judicial review as a prayer for declaratory judgment."). Thus, the court did not err in granting the People's motion for reconsideration.

The order is affirmed.

Judge ROMÁN and Judge TERRY concur.